### DAVID R. SMITH *v.* THOMAS R. FERRIS.

A party is not concluded by everything he may have said or done, even under oath. The doctrine of estoppel is confined within just and rational limits, and a party is not estopped unless he has gained some benefit or advantage by the act which is relied upon as an estoppel, or unless, by that act, the party claiming the benefit of the estoppel was induced to alter his condition.

Thus, where the plaintiff filed notice of an ineffectual mechanic's lien, wherein he swore that the contract was made with the contractor—*Held*, that in an action against the owner, the plaintiff was not estopped from showing that such contract was in reality made with the defendant, as owner.

The record of a dismissal of the complaint between the same parties in another court, for the purpose of proving a former adjudication, is inadmissible in evidence, unless it is shown that such dismissal was a judicial determination of the same point in controversy here.

To entitle a written contract between one of the parties and a third person to be admitted in evidence, its pertinency must be first shown.

The defendant on the trial testified that he had had no other conversation

Smith v. Ferris.

with the plaintiff, than that sworn to by him. He then put in evidence a certain mechanics' lien proceeding, and rested. The plaintiff was recalled, and testified that he had had another conversation than that testified to by the defendant; and then detailed such conversation relative to the mechanics' lien proceeding. The defendant offered himself as a witness to contradict the plaintiff's version of such conversation, which offer the justice refused. *Held*, error. The testimony proposed by the defendant was not to contradict his own previous testimony, but to obviate the effect of plaintiff's testimony as to the lien proceeding.

A contractor failed to complete his contract, and the owner was compelled to complete the building. In an action by a sub-contractor against the owner for work and materials, for which a lien had been filed—*Held*, that the defendant might prove on the trial what it had actually cost him to complete the building, for the purpose of showing that nothing was due to the contractor, and, consequently, nothing due to the plaintiff, as sub-contractor.

APPEAL by the defendant from a judgment of the Fifth District Court.

The action was brought to recover for work, labor, and materials, done and furnished by the plaintiff to the defendant, at his special instance and request. The answer denied that the plaintiff did the work at the instance and request of the defendant, and alleged that the work was done, and materials furnished by the plaintiff, under a contract with one Gaylor, a contractor with the defendant; and set up as separate defences —1st. A former judgment rendered in the Marine Court against the plaintiff in an action between the same parties for the same cause. 2d. An estoppel created by the filing of a mechanics' lien by plaintiff as a sub contractor, for the same demand, against Gaylor, the contractor.

The case was tried before Justice Charles K. Smith and a jury.

After the plaintiff had rested his case, and the defendant had adduced considerable evidence, among other things swearing that he had had but one conversation with the plaintiff, he put in evidence the mechanics' lien papers, which the plaintiff had filed against Gaylor, the contractor, wherein, under oath, the plaintiff declared that the work and labor performed, and materials furnished, had been done in pursuance of a contract made by him with Gaylor as contractor, &c.

Defendant then rested.

Smith v. Ferris

The plaintiff was re-called, and testified that the notice of lien was filed at the request of the defendant; that defendant said to the plaintiff, that for his, defendant's, protection as against Gaylor, he wanted plaintiff first to put a lien on the building, against Gaylor as contractor, and defendant as owner; that the plaintiff complied with this request, and filed the lien; that after filing the lien, the defendant refused to pay the plaintiff, saying to him that by such filing he had prevented recovery against him, the defendant, and that he must get his money the best he could.

The defendant offered himself as a witness to contradict the plaintiff's testimony as to such last conversation, which the justice refused. The defendant also offered himself as a witness to prove how much it cost him to complete the contractor's abandoned contract, and the justice refused the offer.

The jury rendered a verdict for the plaintiff, and judgment was entered accordingly. Defendant now appeals to this Court.

*Samuel Jones* for appellant.

*John S. Parsons* (Man & Parsons) for respondent.

BY THE COURT.—DALY, F. J.—The plaintiff was not estopped by the affidavit filed with the notice of lien, from proving the fact to be otherwise than as stated in the affidavit. *The King* v. *Clark*, 8 T. R. 220 ; *Hart* v. *Newman*, 3 Camp. 13 ; *Gilles* v. *Watson*, 2 Stark R. 453 ; *Hearn* v. *Rogers*, 9 B. & C. 577 ; *Boileau* v. *Rutlin*, 2 Excheq. 665 ; *Ring* v. *Franklin*, 2 Hall, 1 ; *Weston* v. *Perriman*, 1 Mason, 306. A party is not concluded by every thing he may have said or done, even under oath. The doctrine of estoppel, to prevent the abuses or injustice that might otherwise arise, is confined within just and rational limits, and a party is not estopped unless he has gained some benefit or advantage by the act which is relied upon as an estoppel (*Freeman* v. *Walker*, 6 Greenleaf R. 68), or unless by that act, the party claiming the benefit of the estoppel was induced to alter his condition. 1 Greenleaf's Ev. §§ 27, 207. The plaintiff obtained no benefit or advantage by the filing and service of the notice of lien, as there was nothing, from the defendant's own showing, to which it could attach, and it did not appear that the defendant acted upon, or was in

any way preju sworn statem great weight, estoppel. In *Miller*, 1 Com nation of a pr the other exec moved the Co of the sale of having adjudg ecution credit property from if there had b judgment mi; estoppel.

The record same parties defendant wa cial determin here (*Mor. v.* go that length dismissed af rested his ca peared in su different mat

When the offered, there *inter alius a* might, in con admissible, b

The judgm have passed the plaintiff were given strongest kl plaintiff and defendant. owner, and that, he wo ed the defen

Smith v. Ferris.

any way prejudiced by the proceeding. The affidavit, as the sworn statement of the plaintiff, was, as an admission, of very great weight, but it was not conclusive against him by way of estoppel. In the case to which we are referred, (*Butler* v. *Miller*, 1 Comst. 503) the estoppel lay in the judicial determination of a proceeding to which the plaintiff, the sheriff, and the other execution creditors were parties. As the plaintiff moved the Court to compel the sheriff to apply the proceeds of the sale of the property to their execution, and the Court having adjudged that the sheriff should pay it to the other execution creditors, the plaintiff was estopped from claiming the property from the sheriff as mortgagees—and so in this case, if there had been a judgment in the lien proceedings, that judgment might be invoked by the defendant, by way of estoppel.

The record of the dismissal of the complaint between the same parties in the Marine Court, was inadmissible unless the defendant was prepared to show that that dismissal was a judicial determination of the same point that was in controversy here (*Morewood* v. *Outram*, 3 East, 346), and his offer did not go that length. He offered to prove that the complaint was dismissed after the defendant had given evidence and had rested his case. But this was not enough. For all that appeared in such an offer, the suit may have related to a totally different matter.

When the contract between Gaylor and the defendant was offered, there was nothing to show its pertinency. It was *inter alios acta*. When the lien proceeding was shown, it might, in connection with the plaintiff's affidavit, have been admissible, but the offer was not then renewed.

The judgment must be reversed for another reason, but I have passed upon these questions as they may arise again, if the plaintiff should renew his suit. After the lien proceedings were given in evidence, which was certainly evidence of the strongest kind against the claim which the plaintiff set up, the plaintiff and another witness were allowed to show that the defendant told the plaintiff to put on a lien against him as owner, and Gaylor as contractor; that as soon as he had done that, he would pay him the next day; but that when he handed the defendant the copy of the notice of lien, he told him

Smith v. Ferris.

that if there were forty thousand of them, they would not get a cent. When this testimony was given, the defendant offered himself as a witness to contradict what was there sworn to by the plaintiff and the witness Sherwood; but the justice, for what reason it would be difficult to conceive, refused to allow him to testify.. It was suggested on the argument that the testimony proposed to be given by the defendant was not rebutting, as the defendant had previously sworn that he had no other conversation with the plaintiff than the one testified to by himself and the witnesses Fraser and Weeks, and that the conversation about the lien was not therefore rebutting to the plaintiff's testimony. But this testimony on the part of the defendant was necessary only after the lien proceedings were put in evidence, and it was given not to contradict the previous testimony of the defendant, but to obviate the effect of the plaintiff's affidavit. In that affidavit, he had sworn that the claim for which he now brought the action, was against the defendant as owner, and Gaylor as contractor, on account of work done and materials furnished, in pursuance of a contract made with Gaylor, which was directly in conflict with what he had previously sworn to, to maintain this action against the defendant. It was testimony therefore given to sustain his own case, and testimony of a very suspicious and dangerous character. It was admitting that he had deliberately sworn to what he knew to be false, upon the promise of the defendant to pay him—whereas, if he had, as he testified upon the trial, made his contract with the defendant, there was no occasion to rely upon such a promise, as he could put on a lien against the defendant at once, and thereby secure his debt. There was his own uncontradicted statement to the defendant, and the witnesses Fraser and Weeks, that he did not like to do the work for Gaylor, as he did not think he got money enough, but if the defendant would secure him upon the last payment, he would like to do the work and put on a lien—and the uncontradicted statement of the defendant that that payment never became due, as Gaylor abandoned the work, and the defendant had to complete the building himself. The plaintiff moreover was supported in the account he gave of the conversation about the lien, by a witness standing precisely in the same position as himself, claiming to have filed a lien at

the defendant's i
his contract in fa
justice would not
cost him to compl
allow him to cont
Sherwood, his po
diced, and great i
The judgment'

PETER C. BAKER

It is a general prin
a delivery to the c
the title immediat
transitu; and the g
chaser.

But where it is appa
was made, that th
purchaser to perfo
payment as a con
by the vendor to t
operate to pass tit

The defendant order
whether he shoul
whether it should
plaintiffs sent the
*delivery.* The ve
*Held,* 1. That p-y
and until such p
contract being in

2. That, consequent
risk of the vend
for the contract p

3 It makes no di
named by d
vendor made h

the defendant's inducement, as the plaintiff had done, when his contract in fact was made with the defendant. As the justice would not allow the defendant to show what it actually cost him to complete the building, and afterwards refused to allow him to contradict the statements of the plaintiff and Sherwood, his position before the jury was seriously prejudiced, and great injustice was done him.

The judgment should be reversed.