ELIZABETH M. JONES et al., Respondents, *v.* CELIA ANN BUTLER, impleaded, etc., Appellant.

(Argued October 3, 1872; decided January term, 1873.)

THIS action was brought by plaintiffs, children of Jane Ann Butler, for the substitution of a trustee in the place of Thomas C. Butler, Sr. (who was made party defendant and has died since the commencement of the action), and for an accounting, and to reach certain property in New York claimed to belong to and to have been transferred in violation of the trust. Plaintiffs claimed under an ante-nuptial contract executed by said Jane Ann Butler (then Jones) and William Jones, her guardian, her intended husband, Thomas C. Butler, Jr., and Seaborn Jones, by which the property, real and personal, of said Jane was transferred to said Seaborn Jones in trust that the rents and profits, after marriage, should be applied to the joint benefit of the husband and wife during their joint lives, and to the husband during the remainder of his life, should he survive. In case of the death of the husband before the wife, if they had no living issue, the property

was to revert to the wife. If children were living, the rents and profits were to be applied to the support of the wife and the children during her life; and after her death, to the support of the children during minority; and upon their arriving of age respectively, each to receive an equal share, unless otherwise directed by deed or will of the mother. Seaborn Jones died and the original defendant, Thomas C. Butler, Sr., was appointed trustee in his stead. Mrs. Butler died leaving the plaintiffs, her children and her husband, her surviving. *Held*, that the trust deed contained no trust in favor of plaintiffs in the contingency (which has happened) of the husband surviving the wife, and that, therefore, plaintiffs not being *cestuis que trust* could not maintain this action. Whether the plaintiffs, as heirs-at-law of their mother, could maintain an action, *quere*.

*E. B. Hinsdale* for the appellant.

*F. N. Sherman* for the respondents.

EARL, C., reads for reversal.
All concur.
Judgment reversed and new trial granted.