ELIZABETH M. JONES, MARTHA S. POLLOCK AND ARTHUR T. BUTLER, APPELLANTS, *v.* CECILIA ANN BUTLER, IMPLEADED, ETC., WITH OTHERS, RESPONDENTS.

*Trust estate — who may call trustee to account — Estoppel — by deed of ancestor.*

On the 22d of April, 1813, Jane Ann Jones, in contemplation of marriage with one Thomas C. Butler, Jr., conveyed all her estate to one Seaborn Jones, in trust, to receive and pay over the rents and profits thereof to the husband, during their joint lives, and to the husband during his life, in case he survived his wife; in case the wife survived the husband, to pay over and transfer the whole to her, if there were no children, and in case there were children, then

to pay over the rents to her during her life, and upon her death, to the children during minority, and upon their respectively attaining their majority, to pay over and transfer to each child his proportion of the estate. The trustee was authorized to sell and convey real estate upon the assent, in writing, of the said Jane. Seaborn Jones (the trustee) having died, Thomas C. Butler, Sr., the father of Thomas C. Butler, Jr., was appointed trustee in his place.

In 1834, the said Thomas C. Butler, Sr., Jane Ann Butler and her husband, conveyed a lot to one Jonas Butler, who thereafter conveyed it to one Frederick M. Butler, who thereafter conveyed it to Jonas Butler, who thereafter conveyed it to the defendant Cecilia Ann Butler. All these conveyances were made without any consideration whatever, and with knowledge, by all the parties receiving the same, of the fact that the premises were part of the trust estate. The title was held by Cecilia Ann as a cover for her father, the trustee.

This action was brought by the children of Jane Ann and Thomas C. Butler, Jr., during their father's lifetime, but after the death of the mother, to have the trustee removed and for an accounting, and to have the real estate conveyed by the trustee declared a part of the trust estate. *Held,*

That the children of Jane Ann were not beneficiaries under the trust deed, as no provision was made therein for the disposition of the remainder of the estate in case of the death of the wife during the life of her husband.

That they were entitled to maintain the action as her heirs at law, they being entitled to the remainder upon the death of their father, and being thus interested in the preservation of the estate.

That they were not estopped from claiming the real estate conveyed by the trustee, with the consent of their mother, for the reason that all the conveyances were made without any consideration, and with notice, by all the parties, of the fact that the property conveyed belonged to the trust estate.

APPEAL by the plaintiffs from a judgment rendered against them at Special Term, declaring a deed an estoppel, and by the executors of Thomas C. Butler, Jr., one of the grantors in said deed, from such judgment, for the reason that such deed is declared an estoppel as to his estate.

The action was commenced by the plaintiffs, children of Jane Ann Butler and Thomas C. Butler, Jr., against Thomas C. Butler, Sr., trustee, Cecilia Ann Butler, his daughter, and said Thomas C. Butler, Jr., his son.

The plaintiffs, claimed an interest in their mother's (Jane Ann Butler's) estate, she having then recently died, of which estate the defendant Thomas C. Butler, Sr., was trustee, under a written trust; he denying any liability under said trust, and his daughter, the defendant Cecilia Ann Butler then having the apparent title to certain premises in Broome street, which it was claimed by

the plaintiffs belonged to their deceased mother's estate, but was claimed by Cecilia Ann Butler adversely to the plaintiffs.

The object of the action was for an injunction and receiver, and to have a new trustee substituted, and for an accounting, and mainly to have the Broome street premises (the trustee was insolvent) declared and adjudged to be trust property belonging to said estate of Jane Ann Butler, and to have it conveyed to the new trustee to be held under the trust during the remainder of the life of the plaintiff's father, the defendant Thomas C. Butler, Jr., who was then living, and on whose death the trust was to terminate.

From the findings of the justice before whom the action was tried, it appears that the plaintiffs, together with Thomas S. Butler and James J. Butler (the two latter of whom, on November 19, 1857, assigned their interests and rights in this matter to the plaintiffs Elizabeth M. Jones and Martha S. Pollock), are the children and the only children of the defendant Thomas C. Butler, Jr., and Jane Ann Butler, who were married on the 22d day of April, 1813, and she died on the 16th day of November, 1851, at Cincinnati. Her maiden name was Jane Ann Jones.

That at the time of the marriage of Thomas C. Butler, Jr., with Jane Ann, she had a large real and personal estate in her own right, and that a deed of trust, or marriage settlement, was thereupon executed in respect to her property, and accepted and acted upon by all the parties thereto, bearing date April 22, 1813, of which the following are the material portions :

" GEORGIA. — Articles of agreement made and entered into the 22d day of April, in the year of our Lord 1813, between Thomas C. Butler, the younger, of the city and State of New York, of the first part ; Jane Ann Jones and William Jones, guardian of the said Jane, of Burke county and State of Georgia, of the second part ; and Seaborn Jones, of the city of Augusta, of the third part. Whereas, by God's permission, a marriage is contemplated and will shortly take place between the said Thomas and Jane, and the said Thomas being in trade, is unwilling that any of the property which his intended wife now holds or is entitled to, or which may hereafter be coming to her by purchase, descent or otherwise, howsoever, should be affected by any debts, contracts or losses of him, the said Thomas : Now, therefore, this agreement witnesseth that the said

Jane A. Jones, the intended wife, and the said William Jones, her guardian, for and in consideration of the sum of ten cents to them in hand well and truly paid, by the said Seaborn Jones, at and before the ensealing and delivery of these presents, the receipt whereof is hereby acknowledged, have granted, bargained and sold, and by these presents do grant, bargain and sell, unto the said Seaborn Jones, all and every the real and personal estate, and wheresoever situated, belonging to her, the said Jane, or to which she is or may at any time hereafter be entitled. * * * To have and hold the said estate, real and personal, * * * unto the said Seaborn Jones, his heirs, executors, administrators or assigns, upon the trusts and conditions following, that is to say, in trust that until the said intended marriage shall take place, the said Seaborn Jones, his heirs, etc., shall and will permit the said Jane A. Jones, her heirs, executors, administrators and assigns, to have, hold and enjoy the said property and every part thereof, in as full and ample a manner as she now doth. In further trust, that from and after the said intended marriage may take place, the rents and profits of said estate shall be applied to the joint use, comfort and support of the said intended husband and wife during their joint lives, and to the said Thomas during the remainder of his life, should he survive the said Jane, his intended wife. In further trust, that the said estate and property, with the remaining profits thereof, and every part thereof, upon the death of the said Thomas during the life of the said Jane, and without living issue by the said intended marriage, shall there uponbecome invested in her, the said Jane, in as full and ample a manner as if she had remained sole and these presents had not been made; but in case there should be a child or children then living of the said marriage, the annual profits of said estate shall be applied to the support and maintenance of said Jane during the remainder of her life, in the support and education of such child or children; and after her death, the profits, as aforesaid, to be applied to the support and education of such child or children, during his, her or their minority; and on their respectively attaining the age of twenty-one years, all the remaining estate shall be divided between them in such proportions as their said mother, by deed or will, may direct; but should no such deed or will be made, then the same to be divided equally, share and share alike, to them, their

heirs and assigns forever; which deed or will the said Jane is hereby vested with full power to make and revoke, as she may think proper; * * * and provided always, should circumstances make it necessary, the trustee for the time being to this agreement shall and may, with the assent in writing of her, the said Jane, dispose of and convey all or any of the estate and property belonging to her, the said Jane, and invest the net proceeds thereof in any other productive fund or property, and which shall thereupon be deemed held and considered to be as much embraced by this agreement as if set down in the schedule aforesaid. * * * "

That some two or three years after said marriage, in pursuance of the power contained in said marriage settlement, and with the assent of said Jane Ann, in writing, under seal, the said Seaborn Jones, trustee, etc., having died, the defendant Thomas C. Butler, senior, then and now of the city of New York, and father of the said Thomas C. Butler, junior, was duly appointed trustee of said estate in the place of said Seaborn Jones, and that the said Thomas C. Butler, senior, took upon himself the execution of the said trust, and that the representatives of the said Seaborn Jones, trustee, etc., thereupon turned over to the said Thomas C. Butler, senior, all the said estate and property.

That amongst the money and property so received by him, as trustee, etc., were two lots of ground on the north-east corner of Broome and Mercer streets, in the city of New York.

That for more than twenty years last past, the said Thomas C. Butler, Senior, has not paid over or applied in any way, the said trust property aforesaid, or any part thereof, or the rents and profits thereof, or any part thereof, in any way, to the use or benefit of the said Thomas C. Butler, Jr., or Jane Ann, his wife, or either of them or their children, nor has he ever rendered an account of his trusteeship to any of the beneficiaries of said trust.

That subsequent conveyances of said premises, as follows, have been made:

" Thomas C. Butler, trustee of Jane Ann Butler, by and with the advice and consent of Thomas C. Butler, Jr., and said Jane Ann Butler, his wife, signified by their being parties hereto, parties of the first part; and Jonas Butler, of the city of New York, attorney-at-law, of the second part.

"Warranty deed, dated May 1, 1834. Acknowledged by Thomas C. Butler, Sr., in New York, Sept. 16, 1834. Recorded in New York, liber 313, p. 629 (*ib*). Sept. 20, 1834. Acknowledged by Thomas C. Butler, Jr., and Jane Ann Butler, in Ohio, August 26, 1834. Recorded (again) in New York, Liber 319, p. 529, Nov. 26, 1834. Consideration expressed, $8,500.

" Jonas Butler and Lucy Ann, his wife, to Frederick M. Butler, deed dated May 1, 1838, recorded May 21, 1838, Liber 384, p. 591. Consideration expressed, $8,500.

" Frederick M. Butler to Jonas Butler, deed dated May 11, 1839, recorded December 9, 1839, Liber 404, p. 150. Consideration expressed, $8,500.

"Jonas Butler and Caroline E., his wife, to Cecilia Ann Butler ; deed dated November 26, 1852, recorded August 6, 1853, in Liber 632. p. 505 ; and conveying also another lot, known as number 3, Howard street, twenty-five by 100 feet, with covenant against his own acts only. Consideration expressed, $1,000, and pay off and discharge all liens upon such premises, and other valuable considerations."

That the title to said premises now stands in the name of the said Cecilia Ann Butler.

That the said Jonas Butler, Frederick M. Butler and Cecilia Ann Butler are the sons and daughter of the said Thomas C. Butler, Sr., and that no money or other valuable consideration passed between any of the parties on any of the conveyances to the said Jonas, Frederick M. and Cecilia Ann, as aforesaid, and that they all had notice that said property belonged to said trust estate.

That ever since the said premises were conveyed to said Thomas C. Butler, Sr., as trustee, and until the same were conveyed to the said Cecilia Ann, as aforesaid, November 26, 1852, he has either occupied the same himself as a residence for his family, or has rented the same and received the rents, and has applied them to his own use ; and that since the conveyance to the said Cecilia Ann, as aforesaid, she has collected, and she now collects and receives the rents of the said premises ; and that the said Cecilia Ann has never been married, and always has and even now resides with her father, and never had any property of her own of any considerable amount.

That the said real estate and premises, although standing in the

name of the said Cecilia Butler, yet the same do not belong to her, but that she holds the same as a cover, and that the same, in justice, belong to the beneficiaries under said trust as aforesaid.

That the said Jane Ann Butler departed this life at Cincinnati, aforesaid, on the 16th day of November, 1851, intestate, and without having, by her deed or otherwise, made any direction or appointment respecting said estate as empowered by the said marriage articles of trust.

That the said Thomas S. Butler and James J. Butler, by writing, each executed under their respective hands, bearing date November 19, 1857, for value received, sold and assigned, the said Thomas S. Butler unto the said plaintiff, Elizabeth M. Jones, and the said James J. Butler unto the said plaintiff, Martha S. Pollock, all and each of their respective rights, titles, claims or interests which they or either of them could or may have against the said Thomas C. Butler, Sr., or to any real estate located in the city of New York, connected with or growing out of the said Thomas C. Butler, Sr., being or having been trustee of the property of the said Jane Ann Butler, deceased, with full power and authority in the premises to have, sue for, collect and receive the same as they might see fit.

Thomas C. Butler, Sr., died during the pendency of the action, and his administrators were substituted for him therein.

Thomas C. Butler, Jr., also, died during its pendency.

The justice found, as conclusions of law :

First. That no trust was created by the said marriage settlement in favor of the children of the said Thomas C. Butler, Jr., and Jane Ann Butler, in the event of the said Thomas C. Butler, Jr., surviving the said Jane Ann Butler, and that these plaintiffs are not beneficiaries under said marriage settlement, and have no interest in the trust estate under or through the said marriage settlement.

Second. That there remained in Jane Ann Butler, after the said marriage settlement, an interest in the trust estate contingent upon her dying before her husband. That by the deed of May 1, 1834, to Jonas Butler, fully set forth in the foregoing findings of fact, the said Jane Ann Butler conveyed and parted with such contingent interest.

Third. That by the said deed of May 1, 1834, to Jonas Butler, and the covenants therein, the plaintiffs are estopped from denying,

as heirs at law of the said Jane Ann Butler, the validity of said deed, and are estopped from denying that the said Jonas Butler, grantee therein, acquired title to the said premises through said deed, in fee simple absolute, and that the plaintiffs cannot maintain this action as such heirs-at-law.

Fourth. That the defendant Cecilia Ann Butler is entitled to judgment against the plaintiff in this action, with the costs thereof.

*Nelson Merrill* and *F. R. Sherman,* for the plaintiffs, appellants. Jane Ann Butler was a married woman in 1834, and, therefore, neither herself nor her heirs are estopped by her covenant. (*Jackson* v. *Van Derhuyden,* 17 Johns. R., 167; approved in *Martin* v. *Develly,* 6 Wend., 14 [Court of Errors]; *Teal* v. *Woodworth,* 3 Paige Ch. R., 470.) The doctrine of estoppel does not apply in equity, in a case like this, where there was no consideration and the grantee had notice. (*Covington and Lexington R. R. Co.* v. *Bowler and others* [Kentucky, 1873], reported in Zinn on Trusts, 468; *Dominick* v. *Michael,* 4 Sandf., 423; *Carpenter* v. *Schermerhorn,* 2 Barb. Ch. R., 314.)

*G. P. Andrews,* for Thomas C. Butler, Jr.'s executors, appellants. Under all the facts and circumstances as disclosed, Thomas C. Butler, Jr., was not estopped, nor are his representatives, by his consent to the deed to Jonas and his covenants contained therein, from claiming income from the Broome-street premises, which are a part of the principal of his wife's estate. (*Welland Canal Co.* v. *Hathaway,* 8 Wend., 483, per NELSON, J.; approved in *Payne* v. *Burnham,* 62 N. Y., 69; *Wheeler* v. *Wheeler,* 5 Lans., 356; Perry on Trusts (2d ed.), 501, § 416 and cases cited; *Covington and Lexington R. R. Co.* v. *Bowler and others,* 9 Ky., 470, cited Leading Cases on Trusts, by Zinn.) Moreover, the trustee, Thomas C. Butler, Sr., was himself the actual seller and purchaser, and it has been so found in the case; and neither he nor his representatives can set up an estoppel in such a case. (See *Davoue* v. *Fanning and others,* 2 Johns. Ch., 252, per KENT, Ch., which is the leading case in this State; *Michou and others* v. *Girod and others* [Supreme Court, U. S.], 4 Howard, 503.)

*Ashbel Green,* for the appellants. Besides the life estate secured to her by the marriage settlement, Mrs. Butler's interest in the Broome street property was vested neither in possession nor right. It was a mere naked possibility of reverter. (1 Washburn on Real Estate [4th ed.], 90, and the authorities there cited; *Campbell* v. *Rawdon,* 18 N. Y., 412, 417; *Morris* v. *Stephens,* 46 Penn., 200; *Jackson* v. *Corey,* 8 Johns., 385; *Hornbeck* v. *Westbrook,* 9 id., 73; 2 Washburn on Real Estate, 228, 229, 238, 240, 244, 268, 524, 565, 567; 1 Preston on Estates, 175, 177; 2 id., 35.) It was, therefore, inalienable. (*Jackson* v. *Waldron,* 13 Wend., 248; *Edwards* v. *Varick,* 5 Denio, 664; S. C., Hoffman's Ch., 382, and 11 Paige, 290; *Pelletreau* v. *Jackson,* 11 Wend., 110; *Jones* v. *Roe,* 2 Term R., 88; *Lampet's Case,* 10 Coke, 51; Fearne on Rem., 371; 4 Kent, 261 [note 1,262], and cases there cited; 2 Washburn, 238–252; *Robertson* v. *Wilson,* 38 N. H., 48; Coke Litt., 265, note, 212; *Dart* v. *Dart,* 7 Conn., 250.) A deed of this interest would not pass the title, except by reason of the covenants of title operating as an estoppel. (Same cases, and 1 Prest. Abst., 302; *Hayne* v. *Maltby,* 3 Term R., 438; *Fitch* v. *Fitch,* 8 Pick., 483; *White* v. *Patten,* 24 id., 324–328; *Jackson* v. *Wright,* 14 Johns., 193.) But as Mrs. Butler was a *feme covert* when she executed the deed of May 1, 1834, her covenants of title therein were void by reason of her disability. (*Martin* v. *Donelly,* 6 Wend., 167; *Carpenter* v. *Schermerhorn,* 2 Barb., 314; *Wright* v. *Shaw,* 5 Cushing, 50; *Jackson* v. *Vanderhuyden,* 17 Johns., 9.) It is well established that covenants and grants void as such, are void to estop. (Same cases, and *Lowell* v. *Daniels,* 2 Gray, 188.) As a *feme covert,* Mrs. Butler's deed was limited to the estate actually vested in her at the time. It did not carry the reversionary interest now vested in her heirs, which was then a mere naked possibility, future and contingent. (2 Smith's Leading Cases, 683; *Dempsey* v. *Tylee,* 3 Duer, 73–100; Coke Litt., 552; *Dominick* v. *Michael,* 4 Sandford, 424; *Wadleigh* v. *Glines,* 6 N. H., 18; *Den* v. *Demarest,* 1 Zabriskie, 541; Rawle on Covenants [3d ed.], 437; *Teal* v. *Woodworth,* 3 Paige, 470.) It is found, as a fact, that the trustee did not sell the property for the benefit of the estate; that he did not " invest the proceeds in any other productive fund;" that, on the contrary, there were no proceeds, the conveyance having been to himself in fact without consid-

eration. This was such fraud as to vitiate the deed, and no estoppel is raised by it in favor of the grantee against the grantor. (*Hazard* v. *Irwin*, 18 Pick., 95 ; *Partridge* v. *Messer*, 14 Gray, 182 ; *Phillips* v. *Potter*, 7 R. 'I., 289 ; *Hartshorn* v. *Day*, 19 How., 222; Chitty on Contracts, 1035, and cases there cited; 2 Parsons on Contracts, 782, and cases; *Evans* v. *Edmunds*, 76 English C. L. Rep., 777.) It was void, as being in violation of public policy. (*Woodworth* v. *Bennett*, 43 N. Y., 373 ; *Sands* v. *Codwise*, 6 Johns., 536.) Being void in part, it is void *in toto*. (*Russell* v. *Winne*, 37 N. Y., 591 ; *Saratoga Bank* v. *King*, 44 id., 87.) The deed is void for the further reason that it was made in fact to the trustee, who could not be both purchaser and seller. (*Davoue* v. *Fanning*, 2 Johns. Rep., 252 ; *Michon* v. *Girod* [Supr. Court, U. S.], 4 How., 503.)

*I. W. & C. G. Mitchell*, for T. C. Butler, Sr.'s, representatives, respondents.

BRADY, J. :

The plaintiffs, as children of Thomas C. Butler, Jr., and Jane Ann, his wife, were not *cestuis que trust* under the marriage settlement or trust deed. In case the mother died before the father, there was no provision made for the disposition of the capital or *corpus* of the estate. This action, which was commenced by them upon the theory that they were beneficiaries under the trust, was not successful, because the court of last resort declared that it could not be maintained in that aspect, although the question whether they could obtain any relief as to such estate as heirs at law of their mother during the lifetime of the father, and whether they could prosecute any remedy as to the personal estate of the trust through an administration of their mother, as her next of kin, was suggested, but not determined in that case. (*Jones* v. *Butler*, 51 N. Y., 658.)

The suggestion as to the father arises from the fact that he was entitled to the income during his life, under the provisions of the trust and the *quasi* control of the property therefore through the trustee. Whether the Commission of Appeals, by the suggestion mentioned, designed to convey the impression that *in this action* the plaintiff's remedy, if any, could not be prosecuted, is in doubt,

and it renders the consideration of this case embarrassing, perhaps, because the complaint remains the same as it was when the decision referred to was made, and the facts are substantially unchanged.

The plaintiffs, as heirs at law, were in the case, although their claim, according to the opinion, was not presented in either of the aspects suggested, namely, as to their remedy, during the life of their father or through the administration of the mother's estate. When the action in one branch of it was before Justice Ingraham, he said, " whether the children claim as *cestuis que trust* under the marriage settlement, or as the heirs of their mother, would be immaterial. The facts are sufficiently set out in the complaint to entitle them to relief in either character, and when the facts appear in the complaint the court is to give such relief as the parties are entitled to, whether asked for or not in the prayer of the complaint," and this view we understand to be sustained by numerous decisions. It is the law of the Code, and is one of the results which was contemplated by that law in opposition to the technical rules of pleading which under the common law system prevailed. The doctrine which grows out of the intermingling of the legal and equitable systems is, that if the plaintiff in an action is entitled on the revealed facts within the issues to relief under the whole law of the land it must be accorded. (See cases collected, 2 Wait's Pr. Rep., 403.)

All the facts were, as stated, disclosed when the case was disposed of in the Commission of Appeals, and we have the right, doubtless, to assume, such being the fact, that the refusal or disinclination to consider the plaintiff's rights, as heirs at law, arose from the fact that the action was not, for some reason, so presented as to enable that court to give it consideration. It may be that the administration of the mother's estate was not represented, and therefore that the proper parties were not before the court. The action, as suggested, is the same now as then, and the doubt naturally springs into the mind whether if the case be decided in favor of the plaintiffs the court of last resort will not say, the facts are the same, the pleadings the same, and we held on a former occasion that the plaintiffs' case, as heirs at law, was not and could not be presented to us herein. The learned justice at Special Term has, however, considered the rights of the plaintiffs as heirs at law, and that, doubtless, places the action before us in such a way — in such a new

phase — as to justify us in the treating it as if the facts had not received any probable adverse consideration from the Commission of Appeals in that relation. The decision of the court below is against the plaintiffs on the propositions that they are not beneficiaries under the marriage settlement, and that by the deed dated May 1, 1834, they are estopped from denying as heirs of law of Jane Ann Butler the validity of that instrument, and are also estopped from denying that the grantee therein named acquired the premises through said deed in fee simple absolute. The deed of trust provided that should circumstances make it necessary, the trustee for the time being could, and might with her consent in writing, dispose of and convey all or any of the estate and property belonging to her, and invest the net proceeds thereof in any other productive fund or property, etc. The deed of May 1, 1834, was executed by Thomas C. Butler, trustee of Jane Ann Butler, by and with the advice and consent of Thomas C. Butler, Jr., and the said Jane Ann, his wife, and the requisite formalities demanded by the trust deed were therefore duly observed in the transfer to Jonas Butler, the grantee, but the learned justice found in reference to this deed that no money or other valuable consideration passed between Jonas and the grantors, and that he had notice that the property described belonged to the trust estate. And it further appears that Jonas Butler and his wife conveyed the premises to Frederick M. Butler, and that the latter reconveyed them to Jonas, and that Jonas and wife conveyed the premises to Cecelia Ann Butler, the daughter of Thomas C. Butler, Sr., and one of the defendants in this action. The learned justice also found that no money or other valuable consideration passed between any of the parties on the execution of any of these conveyances and that they all had notice that the property described in them belonged to the trust estate. It thus appears, therefore, that the Broome street property conveyed, through the instrumentality of the deed of May 12th, to Cecelia Ann Butler, was without consideration, and accepted with knowledge of the trust, and as the learned judge found, was held by her as a cover.

It also appears that he further found, and as a necessary consequence, that although standing in her name, the property does not belong to her, but to the beneficiaries under the trust.

The scheme on the part of the trustee, Thomas C. Butler, Sr.,

seems to have been to transfer the property mentioned to the defendant Cecelia Ann, and to keep it in that way for his and her benefit. The design also seems to have succeeded. In the various opinions presented to us in this case in the printed pamphlet the conclusion is generally expressed that the income of the estate to which, Thomas C. Butler was entitled already passed to the defendant Cecelia Ann, under the deed of May 1, 1834, and the subsequent conveyances, and that she is entitled therefore to the income, which, were it not for that deed, would have been his. It may be said here that there are no exceptions to the findings of fact, and that the non-payment of any consideration for the grants made and the knowledge by the grantors and grantees of the trust estate, and that they were dealing with it, and that it was the property in fact of the beneficiaries of the trust, and that the conveyance to Cecelia Ann was only a cover, stand confessed, and standing confessed, prove that the plaintiffs, as heirs at law, own the property. These facts make a formidable array against the doctrine of estoppel, and prevent its application.

The legal effect of them is to establish the conclusion that the property has never, in legal contemplation, passed away from the trustee. Cecelia Ann Butler holds it for him.

The conveyance in which the plaintiffs' father and mother united was for the purpose of changing the corpus of the estate. This is all that could be done under the trust deed, and all the parties knew it. They admit the fact. It was not changed.

The conveyances moved in a circle back to the trustee, because Cecelia Ann held it for him as a cover. She knew this could not be done, and when the title reached her she knew it was in legal effect back again to its origin after many wanderings. And this, it may be said, makes the deed void, for the reason that it was in effect made to the trustee, who could not be both purchaser and seller. (*Davoue* v. *Fanning*, 2 Johns. Ch. Rep., 252; *Michoud* v. *Girod*, 4 How. U. S. Rep., 503), and cases cited in point third in that case.

The doctrine of estoppel to prevent the abuses or injustice that might otherwise arise, is confined within just and rational limits, and a party is not estopped unless he has gained some benefit or advantage by the act which is relied upon as an estoppel, or unless the party claiming the benefit of the estoppel was induced to alter

his condition. (*Smith* v. *Ferris*, 1 Daly, 18, and cases cited. See, also, *Payne* v. *Burnham*, 62 N. Y. Rep., 69.) What benefit did Jane Ann, the plaintiff's mother, or her husband, derive from the deed in which she joined, and what injury did it cause to their grantee or his alienees.

The answer is quite patent : no injury and no advantage. Neither their grantee nor any of the subsequent grantees were injured. They accepted their deeds in furtherance of a scheme, and it is wholly immaterial whether it is called a fraud or not.

Whatever in legal parlance the facts justly provoke as a designation, the courts will apply. The doctrine of estoppel stands as a guardian against, not in favor of, fraud, and equity rejects estoppels and pursues the actual truth, and will determine and decree according to the verity and justice of the fact. (Perry on Trusts [2d ed.], 501, § 416.) If it were applied in this case, a new element will have crept into its office, and it will sustain, not prevent, a wrong. If it can further the claim of Cecelia Ann Butler, it will award her property for which she has not paid, and to the fee of which she is not only not entitled, but which she holds as a cover, and in violation of acknowledged and established rights; although, for the mortgage executed by her as a part of the design, she is entitled, perhaps, to protection, if the property be not of sufficient value to afford it, of which, however, there is no doubt. Having arrived at these conclusions, the result is that the learned judge at Special Term was in error in declaring that the deed of May 1, 1834, was an estoppel upon the plaintiff. It was not. It is said, however, that the action cannot be maintained, because the plaintiffs, though heirs-at-law, were not entitled to the estate until the death of their father, who was living when this action was commenced. The answer is, they had an interest in the trust estate. They were part owners of the fee, and interested in the preservation of the estate from waste and malappropriation. They had the right, therefore, to ask for the appointment of a new trustee, and for an accounting from the existing one.

Whatever right their mother possessed in that respect they succeeded to, and could exercise in the same way. The facts justified it. It was not an interference with the interests of their father, but for mutual protection, because, whatever was done for the pre-

servation of the estate was for his benefit. We entertain no doubt of this proposition. The power of this court to remove a trustee, and to call for his accounts by the owners of the fee, cannot be questioned, nor can its power be doubted to settle existing equities revealed in such a procedure.

It is not necessary to discuss the question whether, in reference to the personal estate, it is requisite that the administration of the mother's estate should have been represented, because this action could have been maintained in regard to the real estate, and for the selection of a trustee. These questions are thus mentioned although the selection of a trustee is not necessary, the trust having ceased by the death of Thomas C. Butler, Jr., the father of the plaintiff, but the representatives of the deceased trustee are properly before the court in relation to his accounts and any claim that may arise upon them.

They are also alluded to because this action, it is claimed, was prematurely commenced, namely, during the life of the father, and the objection, therefore, relates back to the time when the action was commenced. It follows from these views that the judgment of the Special Term must be reversed, and it is equally clear that there are issues which require determination upon this judgment of the court thus expressed in reference to the deed of May 1, 1834. There must, therefore, be a new trial.

If, it may be said in conclusion, it is necessary, in order to a complete adjustment of all matters, that the administration of the mother's estate shall be represented, the practice, by amendment or by supplemental complaint, makes ample provision for the addition of all the necessary parties, or elements, to accomplish the object in view. As many of the facts seem to be found, it may be the better course to send this case back to the Special Term for the preparation of the proper decree under the views expressed herein, with the right of either party to furnish further proof, and without prejudice to any application for any amendment by supplemental complaint or otherwise. If, however, this mode of procedure with regard to the facts already found be not acceptable, a new trial is ordered, with costs to abide the event. The order to be entered hereon to be settled by Justice BRADY.

DANIELS, J., concurred. DAVIS, P. J., not sitting.

Judgment reversed, new trial ordered, with costs, to abide event, unless the parties stipulate to modify the judgment as directed in opinion.

Order for accounting modified as directed in opinion.

Appeal from orders staying proceedings dismissed, without costs.

Motion to dismiss appeals denied, without costs.

Orders to be settled by Brady, J.