McAdam, J.
The action is by the plaintiff as the beneficiary named in a policy of insurance issued by the defendant for $3,000 on the life of the plaintiff’s husband. It appears that the decedent failed to pay a premium which became due to the defendant February 9, 1890, in consequence of which default the policy lapsed and became void. The decedent, in order to renew his policy and induce the defendant to accept the overdue premium, made, and on February 13,1890, delivered to the defendant a warranty in writing, in the form of an application for reinstatement, in which he declared that he was then in sound health and free from any symptoms of disease, and there was then no condition of his person or occupation tending to impair his health, injure his constitution or shorten his life, and that he had not been sick or required the services of a physician, and that there had been no change in his family history or physical condition since the date of said policy. The defendant thereupon accepted the overdue premium and reinstated the policy.
The defense is that the statements and warranty aforesaid were false and untrue.
The decedent died May 7, 1890, and within three months of the time of his reinstatement. The proofs of loss first served by the plaintiff, and sworn to by her and the attending physician, state that the duration of the last illness of the decedent was “from Feby. 6th until May 7, 1890 that the remote cause of death was “ La Grippe ” and the immediate cause “ Acute Bright’s . disease.” On Nov. 1, 1890, and before suit brought, the plaintiff served upon the defendant supplemental proofs, in which she and the attending physician corrected the statement in the first proofs as to the time when the decedent was taken sick.
The defendant claims that the first proofs of loss, unexplained by the personal testimony of the plaintiff at the trial, establish the breach of warranty pleaded, and are conclusive against her right to recover, and if not so considered, they at least shifted the bur *443 •den of proof from the defendant to the plaintiff. The proofs first served are certainly not conclusive against the plaintiff. Nothing 'but a technical estoppel will shut out the truth. The preponder■ance of authority shows that preliminary proofs may be used, First. For the purpose of showing that the requirements of the policy in that regard have been complied with. Second. As prima facie evidence of the facts stated therein against the insured and on behalf of the company, Ins. Co. v. Newton, 22 Wall., 32; Ins. Co. v. Higginbotham, 95 U. S., 380; but they are not conclusive against the claimant, Phillips v. Ins. Co., 31 St. Rep., 639; Cluff v. Ins. Co., 99 Mass., 317; for the statements contained in such proofs do not create an estoppel because all the essential requirements thereof are wanting. Smith v. Ferris, 1 Daly, 18. The statements made by the assured in the proofs of loss are admissions, and may be considered by the jury for what they are worth. But the party furnishing them may show that statements in the proofs were erroneous or inadvertently made. See cases collated in Bacon on Ben. Soc. and Ins., § 471,,and in May on Ins., 3d ed., § 465. The statement first made by the attending physician was in no manner binding on the plaintiff and was at all times open to explanation, Cushman v. Ins. Co, 70 N. Y., 72, and it was satisfactorily explained at the trial. Indeed, the evidence produced before the jury was of a character sufficient to justify them in arriving at the conclusion that the defendant had failed in its defense and there had been in point of fact no breach whatever of the warranty. The jury so found, and there is no satisfactory reason for disagreeing with the result arrived at. The defendant insists that the trial judge erred in declining to instruct the jury that in view of the proofs of loss first served upon the defendant the burden was on the plaintiff to prove that the decedent was not sick prior to February 13, 1890, and that such error was made more manifest by charging that such burden was on the defendant.
The claim is based on the erroneous assumption that the statement contained in the first proofs served shifted upon the plaintiff the onus of disproving facts which the defendant would otherwise have been bound in the first instance to satisfactorily establish in support of its affirmative defense. The true rule is that the burden of sustaining the affirmative of an issue involved in an action is upon the party alleging the facts constituting the issue, and so remains throughout the trial. The giving of evidence sufficient to establish the fact prima facie does not shift the burden ; the question is to be determined upon all the evidence, and the jury must be satisfied from the whole case that the allegation is established. Lamb v. Camden & A. R. R. & T. Co., 46 N.Y., 271: Heinemann v. Heard, 62 id., 448; Hale v. Smith, 78 id., 483; Heilman v. Lazarus, 90 id., 672; Goldschmidt v. Ins. Co.. 102 id., 486; 2 St Rep., 421; Blunt v. Barrett, 124 N. Y., 117; 35 St. Rep., 64; Stewart v. Stone, 127 N. Y., 506; 40 St. Rep., 314; Cent. B. Co. v. Butler, 2 Gray, 130; Perley v. Perley, 144 Mass., 104. In other words, where a defendant has, as in this case, the burden of proof, it remains with him.throughout the trial; and the jury must decide where the *444 preponderance lies. If upon the whole case the jury is not satisfied that the defendant’s allegation is proven, the plaintiff is entitled to a verdict Vide supra. Apart from the arguments founded on the misstatements contained in the proofs served, there'is not a particle of defense to the action.
Common experience demonstrates that preliminary proofs are often drawn by unprofessional hands from the mere recollection of the witnesses at the time, without data or the care and precision which such documents deserve. They are generally considered by the assured as a mere formal requirement to satisfy the conditions of the policy preliminary to receiving the money thereon. To hold such proofs conclusive on«the beneficiary, in respect to dates and details, in the absence of fraud or estoppel, would, where the truth entitles the party to a recovery, be without warrant.
Where the dates or details given aid the defense, the proofs served upon the company may be used by it as evidence against the plaintiff, to be considered by the jury with the explanations offered and other proofs in the case. They were so used and considered here and the defendant received every benefit from them the law affords.
There is this additional feature in the case, the defendant never returned, nor offered to return, the dues received at the time of the reinstatement nor the payment made thereafter, and is not, therefore, in a position to urge that the contract has been rescinded by it. Harris v. Ins. Co., 64 N. Y., 196; Kabok v. Ins. Co., 21 St. Rep., 204.
We find no error requiring a new trial. The judgment and order appealed from must, therefore, be affirmed, with costs.
Sedgwick, Ch. J., and Freedman, J., concur. >