*35
 
 Mr. Justice FIELD
 

 delivered the opinion of the court.
 

 The court below allowed the statement of the company and its agent to the witness as to the sufficiency of the proofs of death of the insured to be received as conclusive of that fact, but by its charge to the jury in effect separated the admission of that fact from its accompanying language, that the proofs disclosed a case of suicide, and held that this latter statement was of an independent fact to be established by the company. In this particular we think the court erred. Every admission is to be taken as an entirety of the fact which makes for the one side, with the qualifications which limit, modify, or destroy its effect on the other side. This is a settled principle which has passed by its universality into an axiom of the law. Here the admission related to the two particulars which the proofs established, the death of the insured and the manner of his death, both of which facts appear by the same documents. They showed the death of the insured only as they showed that he had committed suicide, and all that the officers of the company evidently intended by their declaration was that they were satisfied with the proofs of the one fact because they established the other. The whole admission should, therefore, have been taken together. If it was sufficient to establish the death of the insured, it was also sufficient to show that the death was occasioned in such a manner as to relieve the company from responsibility.
 

 But the court also erred in excluding from the jury the proofs presented of the death of the insured when offered by the company. When the plaintiff was permitted to show what the agent and officers of the company admitted the proofs established, it was competent for the company to px*oduce the px*oofs thus x*eferred to and use them as better evidence of what they did establish.
 

 But independently of this position the proofs presented wex*e admissible as x*epi*esentations on the part of the party for whose benefit the pqlieies wex*e taken, as to the death and the manner of the death of the insured. They were presented to the company in compliance with the condition
 
 *36
 
 of the policy requiring notice and proof of the death of
 
 the
 
 insured as preliminary to the payment of the insurance-money. They were intended for the action of the company, and upon their truth the company had a right to rely. Unless corrected for mistake, the insured was bound by them. Good faith and fair dealing required that she should be held to representations deliberately made until it was shown that they were made under a misapprehension of the facts, or in ignorance of material, matters subsequently ascertained.
 

 There are many cases which hold that where a mistake has occurred in the preliminary proofs presented, and no corrected statement is furnished the insurers before trial, the insured will not be allowed on the trial to show that the facts-were different from those stated. The ease of
 
 Campbell
 
 v.
 
 The Charter Oak Insurance Company,
 
 decided by the Supreme Court of Massachusetts,
 
 *
 
 and the case of
 
 Irving
 
 v.
 
 The Excelsior Insurance Company,
 
 decided by the Superior Court of the City of New York,
 
 †
 
 are both to this effect. It is not necessary, however, to maintain any doctrine as strict as this in the present case; and possibly the rule there laid down is properly applicable only where the insurers have been prejudiced in their defence by .relying upon the statements contained in the proofs. Be that as it may, all that we now hold is that the preliminary proofs are admissible as
 
 pt'imd facie
 
 evidence of the facts stated therein against the insured and on behalf of the company. No case has come under our observation, other than the present, where the preliminary proofs presented by the insured have been entirely excluded as evidence when offered by the insurers, the question being in all the cases whether these proofs estopped the insured from impeaching the correctness of their statements, or from qualifying them, or whether they were subject to be explained and varied or contradicted on the trial.
 

 The case of
 
 Cluff
 
 v.
 
 The Mutual Benefit Insurance Company,
 
 in the Supreme Court of Massachusetts,
 
 ‡
 
 cited by uie plaintiff*, is far from sustaining his position. There the bene
 
 *37
 
 ficiary had submitted in connection with the preliminary proof certain slips cut from newspapers showing reports that the insured had died in known violation of law. On the trial upon the issue whether the plaintiff had, ninety days previous to the commencement of the suit, furnished the company sufficient proof of the death of the insured, the plaintiff put in evidence certain affidavits by which that proof had been made, but fdid not offer the slips; the latter were then offered by the company and were excluded, and the Supreme Court, in reviewing the case, held that the exclusion was not a valid ground of exception unless it plainly appeared that the insurers were prejudiced thereby, and that they were not so prejudiced because the fact of death was otherwise, sufficiently shown. “ When an apparent ground of defence,” said the court, “is disclosed by a separate and unnecessary narration of circumstances, and the proofs required by the policy are complete without that narration and disclosure, it cannot be said that the party has failed to comply with the conditions imposed upon his right to litigate his claim; and the effect of such disclosure to defeat the action must depend upon the degree to which the plaintiff is bound by the statement. If not sworn to by the plaintiff, nor treated by him in such manner that he is concluded by his conduct, the whole question will be open to explanation and proof upon the main issue subject to the usual rules of evidence.”
 

 . In the present case the proofs presented were sworn to; they consisted, as already stated, of affidavits and the record of the finding of a jury under oath. Here the narration of thp manner of the death of the deceased was so interwoven with the statement of his death that the two things were inseparable. The fact that the proofs were presented by the father of the plaiutiff and not by the plaintiff herself cannot change their character. They were the only proofs presented, and without them there was no attempted compliance with the condition of the policies. He was the agent of the plaintiff with respect to the policies, intrusted by her with the presentation of the preliminary proofs.
 
 *38
 
 Presented in her name and by her agent in the matter, and constituting the essential preliminary to her action, they must stand as her acts, and the representations made therein must be taken as true until at least some mistake is shown to have occurred in them. As already said, no suggestion is made that these proofs do not truly state the manner of the death of the insured. It is sought, however, to avoid their effect in favor of the company by taking a part of the statement of its officers as to wíiat the proofs showed, and rejecting the residue, and then excluding the proofs themselves. This position cannot be sustained without manifest injustice to the company.
 

 The judgment must, therefore, be
 

 K,e versed, and a new trial ordered.
 

 *
 

 10 Allen, 213.
 

 †
 

 1 Bosworth, 50.
 

 ‡
 

 99 Massachusetts, 337.