---

[No. 9,302.   Department Two. — July 24, 1884.]
BERTHA WALTHER, RESPONDENT, *v.* THE MUTUAL LIFE INSURANCE COMPANY OF NEW YORK, APPELLANT.

EVIDENCE — LIFE INSURANCE — PRELIMINARY PROOFS OF DEATH — VERDICT OF CORONER'S JURY. — In an action upon a life insurance policy, the plaintiff gave in evidence the record of the proceedings of a coroner's jury, for the sole purpose of showing a compliance with the requirements of the policy as to preliminary proofs of death. That jury, by its verdict, had found that the deceased committed suicide. *Held,* that this was *prima facie* evidence of the manner and cause of the death of the insured, and that the effect of the proceedings was not limited to the purpose for which they were given in evidence.

APPEAL from a judgment of the Superior Court of the county of Sacramento, and from an order refusing a new trial.

The facts appear in the opinion of the court.

*McAllister & Bergin,* for Appellant.

The statement of plaintiff's counsel that the proceedings of the coroner's jury were offered " for the purpose of showing compliance with the requirements of the policy sued on," does not limit the effect of the proof. (*Sill* v. *Reese,* 47 Cal. 340;

*Irving* v. *The Excelsior Fire Ins. Co.* 1 Bosw. 507.) The verdict of the coroner's jury was *prima facie* evidence of the manner of the death of the insured. (*Campbell* v. *Charter Oak Fire and Marine Ins. Co.* 10 Allen, 213; *The New York Central Ins. Co.* v. *Watson,* 23 Mich. 488; Bliss on Life Insurance, § 259; *Insurance Co.* v. *Newton,* 22 Wall. 33: *Lawrence* v. *Mutual Life Ins. Co.* 9 Ins. Law J. 313.)

*Treadwell & Van Fleet,* and *Grove L. Johnson,* for Respondent.

The verdict of a coroner's jury is not evidence of anything beyond the fact of its rendition. The plaintiff was bound by the terms of the policy to furnish the company with a copy of the verdict as a part of her preliminary proof, but she did not thereby adopt the verdict as her statement. The assured is not estopped by anything in the preliminary proof. (*McMaster* v. *Ins. Co.* 55 N. Y. 222; *Ins. Co.* v. *Rodel,* 95 U. S. 232; *Parmelee* v. *Ins. Co.* 54 N. Y. 193; *Ins. Co.* v. *Curran,* 8 Kan. 9; *Cluff* v. *Ins. Co.* 99 Mass. 317.) The burden of proof in such cases is on the party alleging suicide. (*Lawrence* v. *Ins. Co.* 5 Bradw. 280; *Phillips* v. *Ins. Co.* 21 Am. Rep. 549; *Mallory* v. *Ins. Co.* 47 N. Y. 52; Bliss on Life Insurance, 2d. ed. § 367.)

MYRICK, J. — This is an action on a policy of insurance on the life of plaintiff's husband. The policy contained the statement that "the company does not insure against self-destruction in any form"; it also required proofs of death to be furnished, including statements from attending physicians, a householder, and the undertaker.

On the trial of this case, the plaintiff, after proving the fact of death, offered in evidence, for the sole purpose of showing compliance with the requirement of the policy, preliminary proof of the death of deceased which had been furnished to the company by the plaintiff, consisting of the proceedings of the coroner's inquest had upon the body of deceased, a statement by the plaintiff, together with statements by attending physicians, the undertaker, and a householder. It appeared from the evidence of the physician given before the coroner, that the deceased died from the effects of prussic acid; the verdict of the coroner's

jury was that the cause of his death was prussic acid, administered by his own hand with suicidal intent.

No evidence was offered contradicting the above. The court below found that there was no evidence sufficient to show that the deceased committed suicide, and found that the allegations of the answer that he committed suicide were untrue. This finding was based evidently on the proposition that as the plaintiff offered the papers referred to solely for the purpose of showing that she had complied with the requirements of the policy as to preliminary proof, they would not be considered for any other purpose. This was error. When the papers were in evidence, they were before the court, and showed on their face that the deceased had committed suicide, and for the purposes of the trial, they were *prima facie* evidence of that fact, and should have been so considered. (*Insurance Co.* v. *Newton,* 22 Wall. 32.) Doubtless the plaintiff would have been permitted to overcome, if she could, the presumption raised by the papers, by evidence that the death was from natural causes, but no proof as to the cause of death was offered, save that above noted.

Judgment and order reversed and cause remanded for a new trial.

THORNTON, J., and SHARPSTEIN, J., concurred.

Hearing in Bank denied.