ADOLPH GOLDSCHMIDT and Others, Appellants, *v.* THE MUTUAL LIFE INSURANCE COMPANY OF NEW YORK, Respondent.

*Evidence — proofs of death furnished to an insurance company are admissible in its favor upon the trial of an action upon the policy — when the parties claiming under the policy must prove the cause of death.*

A policy of insurance issued by the defendant upon the life of one Edler provided, among other things, that the self-destruction of the person, whether voluntary or involuntary, and whether he were sane or insane at the time, was a risk not assumed by the company, but that in such a case it would pay the net reserve upon the policy held by the company at the beginning of the year. Upon the

·cross-examination of one of the plaintiffs' witnesses, in an action to recover the amount of the policy, the defendant put in evidence the proofs of death furnished by the plaintiffs. Attached to and forming a part of the proofs of death were a record of a coroner's inquest on the body of the insured, and the testimony of two physicians showing that his death was caused by cyanide of potassium taken by him, together with the verdict of the coroner's jury, which was that the deceased came to his death by suicide by taking cyanide of potassium.

*Held,* that as the proofs of death had been furnished by the plaintiffs to the company they were admissible as against the plaintiffs upon the trial.

That being admitted they established a *prima facie* case for the defendant and threw upon the plaintiffs the burden of proving, if they could, that the insured had not died by his own act.

APPEAL from a judgment, entered on the verdict of a jury which was directed by the court.

*William G. Wilson,* for the appellants.

*Robert Sewell,* for the respondent.

BRADY, J.:

This action was brought by the appellants as assignees of two separate policies of insurance on the life of one Oscar Edler. The policies contained the following clause:

" It is hereby declared and agreed that the self-destruction of the person, whether voluntary or involuntary, and whether he be sane or insane at the time, is not a risk assumed by the company in this contract; but in every such case the company will, upon demand made and the surrender of this policy, accompanied with satisfactory proofs of such death, within sixty days after its occurrence pay the net reserve upon it held by the company at the beginning of the year in which death occurs, calculated by the present legal standard of the State of New York, first deducting therefrom any indebtedness to the company on account of this contract."

The defendant offered to allow judgment to be taken for $250, with costs, the amount of premiums paid. On the cross-examination of one of the plaintiffs' witnesses upon the trial, the proofs of death furnished to the defendant under the terms of the policies were identified, and were put in evidence by the defendant's counsel without objection. Attached to and constituting part of the proof of death is a record of the coroner's inquest on the body of the

insured, and it contains the testimony of two physicians, showing that his death was caused by cyanide of potassium taken by him, and the verdict also of the coroner's jury, which was that the deceased came to his death by suicide by taking cyanide of potassium. The plaintiffs rested without any further proof as to the cause of death and without producing any evidence, to show that the death was not caused by the act of the deceased. The defendant's counsel then moved to dismiss the complaint because it appeared *prima facie* that the deceased came to his death by his own hand.

Several objections were then made by the plaintiffs' counsel to the receipt of the proceedings before the coroner's jury as evidence against the plaintiffs, but these objections were that they were not evidence in chief, and to their use and offer for any other purpose than as bearing upon the question of the proper service of the proofs of death. The court regarded them in evidence for the purpose of considering the motion to dismiss the complaint and gave the plaintiff the benefit of the exception which was taken to that proceeding. And the court, having declared that an examination of the papers would be made for the purpose of ascertaining whether it appeared from them that the deceased came to his death by his own hand, stated that if a decision adverse to the plaintiffs should be adopted on that subject, the plaintiffs should have the benefit of an exception to each objection.

It is supposed that these exceptions cover the view that may be taken of the admission of the evidence, notwitstanding that when the papers were introduced no exception was taken, no objection having been made, and that no motion was made by the plaintiffs that the court instruct the jury that they were not to consider them. The court having examined the papers mentioned after the adjournment of the court and before its meeting again, held that for the purposes of the motion, *i. e.*, the motion to dismiss the complaint, the affirmative would be with the plaintiffs to prove the cause of the death of the deceased, in other words that the proofs of death furnished to the defendant were *prima facie* evidence of the manner and cause of his death. The court then overruled the objections of the plaintiffs made to the admission of the proofs of death on the previous day, and the plaintiffs separately excepted to the decision of the court overruling such objections. An exception to the dis-

missal of the complaint was also duly taken, although such dismissal was not in fact made, inasmuch as the defendant expressed, through its counsel, its readiness and willingness that the plaintiffs should take judgment for the sum of $231.96, being the amount of the premiums paid on the policies. It appears that an offer allowing such a judgment to be·taken had been previously served in the case and the defendant's counsel admitted that the plaintiffs were entitled to interest. The court thereupon directed a verdict for the amount stated.

The plaintiffs then excepted to the decision of the court dismissing the complaint. They also excepted to the order of the court which took that back and directed a verdict of the jury. They also excepted to a direction of the court to the jury to find a verdict in favor of the plaintiffs. They also excepted to the decision of the court upon each one of the plaintiffs' objections raised on the previous day at the time of making them. The plaintiffs have, therefore, surrounded themselves by a *cordon* of exceptions which are designed to reach every possible phase which the admission of the proofs of death might present upon their rights in any and all respects.

Unfortunately, however, for the plaintiffs' recovery, the admissibility of the proofs of loss in just such a case has been expressly adjudicated by a decision made in *Insurance Company* v. *Newton* (22 Wall., 32). The question here ·involved was distinctly presented in that case. The proofs of loss consisted therein of several affidavits giving the time, place and circumstances of the death of the insured and the record of the finding of the jury upon the coroner's inquest. The finding was that the deceased came to his death by a pistol shot fired from a pistol in his own hand through the heart; and the court held that these proofs, presented to an insurance company in compliance with the condition of its policy of insurance, are admissible as *prima facie* evidence of the fact stated therein against the insured and on behalf of the company. The proofs were, therefore, admissible. The court said in that case, in reference to these proofs, that unless protected by mistake the insured was bound by them; that good faith and fair dealing require it; that he should be held to representations deliberately made until it was shown that they were made under a misapprehension of the facts or in ignorance of the material matters subsequently

ascertained. This view is confirmed in *Insurance Company* v. *Higginbotham* (95 U. S., 380, 390).

They were properly admitted herein, being *prima facie* evidence. It became necessary if any mistake was made to show it, which the plaintiffs were not prevented from doing if they had the power. They could have shown, if such was the truth, by a series of facts and circumstances that the deceased did not die by an act of deliberate self-destruction, which was all that was meant by the court's dismissing the complaint and declaring that the affirmative of showing the cause of death rested with them. There was no application made to go to the jury on any question of fact.

The learned counsel for the plaintiffs stated to the court that the plaintiffs would rest upon the ruling of the court, which followed a statement made by the defendant's counsel, thus: " I understand that my motion to dismiss the complaint is granted in the alternative; it is granted unless they supply this proof," that is, proof of the cause of death, in opposition to or in explanation of what was stated to have been the cause of death in the proofs furnished on that subject in compliance with the terms of the policies.

The decision of the court below was correct. If the plaintiffs desired to overcome the *prima facie* case made by the proofs of death furnished, as already suggested, it was their duty to undertake to do so if they could accomplish it, and therefore the objections against the admissibility of such proofs were properly overruled. The irregularity in dismissing the complaint was corrected before any judgment or verdict was entered, and the rights of the plaintiffs to the judgment contemplated by the offer secured and perfected. There was no error in this proceeding which requires consideration. The real question has been discussed and disposed of, and adversely to the plaintiffs, and the judgment must therefore be affirmed, with costs.

Davis, P. J., and Daniels, J., concurred.

Judgment affirmed, with costs.