Voorhees, J.
• The action of plaintiff below, was founded upon a life insurance policy issued by defendant company to William Bart-low in his lifetime, whereby it agreed to pay to the insured’s administrator $5,000.00 in sixty days after the proof of the fact and cause of death of said insured.
Said Bartlow died on the 13th day of August, 1896. On the 2nd of September, 1896, notice thereof was given to the company by the plaintiff as such administrator.' The company refused to pay the amount named in the policy.
Defendant in its answer states in substance, that the policy referred to in the petition contained among other provisions, that in consideration of the statements made in the application for the policy, and which made a part of the contract of insurance, the company promised to pay to the administrator or assigns of William Bartlow $5,000.00 in *503 sixty-days after due proof of the fact and cause of death; that said policy contained the following terms and conditions, to-wit: “This policy is issued and accepted by the parties in interest on the express conditions stated on the second page of the policy, and which are made a part of the contract.” One of the conditions is: “If, within two years from the date hereof the said insured shall, whether sane or insane, die by his own hand, this policy shall be null and void. ”
It was further alleged that said William Bartlow did, within two years from the date of the said policy, die by his own hand, whereby said policy became null and void, and said company is not liable to the plaintiff for the payment of the said $5,000.00.
Plaintiff by reply put in issue the affirmative allegations of the answer, and further alleged, that the condition of said policy set forth in the answer is not on the face thereof, but on the back in small type; that the policy was handed to the insured with said condition folded inside; that the insured had no knowledge of said condition; that the company had placed said condition in small and obscure type and so folded it within with the intent and for the purpose of concealing it from the insured; that in fact the insured had no knowledge of said condition; that said William Bartlow was at the time of his death insane and not capable of committing any act, and denied that said William Bartlow died by his own hand,
Cause was tried at the April term, 1899, in the court of common pleas to a jury resulting in a verdict and judgment for plaintiff below. A motion for new trial was overruled; bill of exceptions was allowed and filed according to law, and error is prosecuted to this court by defendant below to reverse the judgment for manifest error appearing in the record.
Errors assigned are:
First — That the court erred in overruling a motion for a new trial.
Second — That, the court erred in its charge,and refusing to charge as requested by the defendant below.
Third — That the court erred in the admission of evidence and in ruling out evidence against the plaintiff in error.
*504 Fourth — Jn the motion for a new trial one ground assigned was, that the verdict is against the weight of the evidence and is contrary to law.
I. The first question that will be considered is: Did the coutí err in ruling out evidence offered by the plaintiff in error, in this, by rejecting the finding of the coroner at the inquest held over the deceased, which finding was voluntarily sent to the company by the plaintiff, as such administrator, as part of the proof of death and the cause of death of the insured.
Plaintiff in error offered in evidence the copy of the finding of the coroner which was voluntarily sent to the company, as part of the proof of death in this, case, to which defendant in error objected, and the court sustained the objection.
Plaintiff in error offered in evidence the finding of the coroner as to cause of death, (omitting the evidence), which was voluntarily sent to the company by the defendant in error, as part of the proof of death of the insured, to which defendant in error objected, and the court sustained the objection. The evidence so offered was the finding of the coroner’s inquest as to the cause of death of the insured, which had been voluntarily furnished the company by the representative of the deceased, as proof of the cause of death.
Proofs of death and cause of death were'made a condition precedent to the liability of the company upon the policy. Such proofs are evidence of the compliance of the representative of the deceased with the termB of the contract, and the statements made in them may be used as admissions against such representative, but he is not estopped by such statement to show the facts. Niblack on Insurance, (1894) section 326, page, 630; Insurance Company v. Newton, 22 Wall., 32; Keels v. Mutual Association, 29 Fed. Rep. 198; Spencer v. Insurance Company, 23 N. Y., Supp., 179.
In Insurance Company v. Newton, supra, Mr. Justice Field, in delivering the opinion of the court on page 35, says:
“The court erred in excluding from the jury the proofs presented of the death of the insured when offered by the Company. * *■ * The proofs presented were admissible as *505 representations on the part of the party for whose benefit the policies were taken, and as to the death and the manner of the death of the insured. They were presented to the company in compliance with the condition of the policy requiring notice and proof of the death of the insured as preliminary to the payment of the insurance-money. They were intended for the action of the company, and upon their truth the company had a right to rely. Unless corrected by mistake, the insured was bound by them.. Good faith and fair dealing required that she should be held to representations deliberately made until it was shown that they were made under a misapprehension of the facts,.or in ignorance of materia] matters subsequently ascertained. * * * We now hold that the preliminary proofs are admissible as prima facie evidence of the facts stated therein, against the insured and on behalf of the company.”
In the case of Keels v. Mutual Association, supra, the court held:
“In an action on a life insurance policy, if there be a doubt whether the death of the insured was the result of accident or of suicide, the doubt should be solved in favor of the theory of accident; but if the plaintiff has, in her proof of death, stated that the death was by suicide, it is incumbent on her to satisfy the jury that she was mistaken in this statement, and that the death'was caused by accident.”
Simonton, J. on page 201 says:
‘‘In the case of Insurance Company v. Newton, 22 Wall. 36, the plaintiff was held bound by her proofs of loss ‘because no suggestion is made that these proofs do not truly state the manner of the death of the insured. ’ The inference is a fair one that if some mistake could have been shown in the proofs, evidence of such mistake would have been admitted, although offered for the first time at the trial. See the cases of McMaster v. Insurance Co., 55 N. Y., 228 and Parmelee v. Insurance Co., 54 N. Y. 193, in which such evidence was admitted, * * * At the most, the statement made in the proofs of death is an admission made by plaintiff, and, with all the other evidence, must be submitted to and be weighed by the jury. It meets the presumption that the death was accidental, and puts on her the-burden of showing her mistake.”
*506 The case of Spenoer v. Insurance Company, supra, was an action on a life insurance policy. It appeared that the policy lapsed on February 9th, 1890, but defendant renewed the policy on the filing of a warranty in writing that the insured was in sound health. The insured died May 7th, 1890, and the proofs of loss first served stated that his last illness was from February 6th until May 9th, 1890. Held, “That such proofs were not conclusive, but plaintiff could show that the statements therein were erroneous,or inadvertently made.”
McAdam, J. on page 181 says:
“The preponderance of authority shows that preliminary proofs may be used — ‘first, for the purpose of showing that the requirements of the policy in that regard have been complied with; second, as prima facie evidence of the facts stated therein against the insured and on behalf of the company. Insurance Co. v. Newton 22 Wall. 32; Insurance Co. v. Higginbotham, 95 U. S., 380. * * * The statements made by the assured in the proofs of loss are admissions, and may be considered by the jury for what they are worth. ”
The whole of the preliminary proofs of death must be taken together, and are evidence of facts therein stated in favor of as well as against the company. The Mutual Benefit Life Insurance Company v. Higginbotham, Administrator etc., 95 U. S. Rep, (5 Otto) 380; U. S. Life Insurance Company v. Vocke, Adm’r, (1890) 129 Ill., 557; Spruill v. Northwestern M. L. Insurance Co., (1897) 120 N. Car. 141.
The conditions of the policy in case at bar required the representative of the deceased to make legal proof of the death and cause of death. In furnishing such proof,as a part of the evidence,the coroner’s inquest and examination were voluntarily sent to the company as part of such proof, and unless it was by accident or mistake that such proofs were furnished,.or as furnished the proofs did not state the facts, the plaintiff below would be bound by them, and the company would have the right to introduce them in evidence. They would not be conclusive, but would be prima facie evidence of the cause.of death, and would stand until the plaintiff below showed to the contrary. The conclusion *507 of a majority of the court is, that the court of common pleas erred in rejecting the testimony offered by the defendant below of the finding of the coroner’s inquest, so sent by the administrator to the company.
With the preliminary proofs furnished by the representative of the deceased to the company, as proof and cause of death,- there is a statement in the affidavit of Doctor Steward wherein he says: “That on the morning that the deceased shot himself he saw him and describes his condition at that time; that he had a revolver in his hand or in his pocket,»” This evidence was competent upon the same theory that the finding of the coroner was admissible.
2: Defendant in error contends that the clause in the policy, providing that, “if the insured within the time specified (two years) dies by his own hand,” is illegal and void.
“A condition in a policy of life insurance declaring it void in case of the death of the insured by his own hand or act, sane or insane, is valid; and if the insured commits suicide, although at the time utterly berpft of reason, it is death by his own hand or act within the meaning of the •condition, and the policy is forfeited.”
De Gogorza v. Knickerbocker Life Insurance Co. 65 N. Y. 232, Scarth v. Life Society, 75 Iowa 346; Traveler’s Insurance Company v. McConkey, 127 U. S. 661; Spruill v. Northwestern Mutual Life Insurance Co. (1897) 120 N. Car., 141.
The case of Schultz v. Insurance Company, 40 Ohio St., 217, is not in conflict with the rule established by the authorities, supra, and our conclusion is, that a policy containing a clause in the language of the one in question, “If the insured shall within two years from the .issuing of the policy, whether sane or insane, die by his own hand the policy shall be null and void,” is valid and not against public policy, and no recovery can be had on such policy, when the assured committed suicide within the prescribed limit,
3. This brings us to the consideration of the most important question in this case: Did the insured, William Bartlow die by his own hand, or in other words,did he commit suicide? This is a question of fact, and the only testimony bearing directly on the issue is that of the witnesses M. L. Gates and Henry Niman. Gates says:
*508 ‘‘I knew Bartlow; I saw him on or about the 13th of August, 1896; I saw him sit down on a piece of timber; he had a revolver in his hand, or took it out of his pocket, and put it up to his head and fired it off. I heard the report and saw him drop down on the pavement. He put the pistol up to the side of his head.”
Niman says:
‘‘I saw the party whom I afterwards learned to be Will-, iam Bartlow sitting on some timber. I saw the party shoot himself; saw him put up his hand and fire and shoot; I heard the report; I was just across the street; after the shot the party fell to the north side of the pavement. I saw him afterwards at Niman’s undertaking establishment and he was dead. ”
Dr. G. W. Baughman testified that he saw Bartlow lying on a table in Mecklim’s Drug Store; he had a bullet wound in his temple over his right eye; that his death resulted • from a pistol wound in the head.
There is no testimony in the case tending to show that death resulted from any other cause or theory than by suicide, and it is the unanimous opinion of the court, from an examination of the record, that no other conclusion could be reached than that the deceased came to death by his own hand,
Where in an action on an insurance policy to recover for the death of the assured-there is but little evidence to justify the jury in deciding which one of a half dozen or more possible theories as to the cause of death is the correct oner but what evidence there is, supports the theory of suicide rather than accidental death, a verdict for plaintiff must be set aside. Merrett v. Preferred Masonic Mut. Accident Ass’n of America (Supreme Court of Michigan) (1894) 57 Northwestern Rep. 169. The court say:
‘‘Until there was some evidence tending to show that death resulted from accident, rather than design or from natural causes, such as apoplexy or heart failure, there was nothing to go to a jury. There was not a prima facie case of accidental death, The burden of proving accidental death is upon a plaintiff. Until some proof is offered tending to establish one of several equally reasonable theories, some consistent with the theory of accidental death, and; some inconsistent with it, a case is not made out.”
*509 We recognize the force of the rule, that a reviewing court should not disturb the verdict óf a jury when there is conflict in the testimony, or when there might be a reasonable difference as to the facts presented, the jury being the judges of the facts. When there is such conflict, a reviewing court should not disturb the verdict of the jury. But when there is manifestly no evidence to support the verdict of a jury, then a reviewing court is justified, and it is its duty to interfere when the verdict is predicated on no evidence, or when there is not sufficient evidence to warrant the conclusion of the jury. It is the unanimous opinion of the court-in this case, that there is no testimony warranting the conclusion, or inference even, that the death of William Bartlow resulted in any other way than by his own hand, and being so, the verdict of the jury is against the manifest weight of the evidence, and should be set aside.
4. The only question made on the charge of the court is, where the court says: “You are instructed that, under this condition of Nthe policy” — the condition as to death of insured by his own hand — “if you shall find that William Bartlow died by his own hand, the defendant is not responsible whether said Bartlow was sane or insane, unless the discharge of the fire arm was accidental. ”
The contention of plaintiff in error is, that under the issue in this case, this instruction was improper because there could be no evidence offered or received where there was no such defense interposed. There is a denial in the reply that the deceased died by his own hand. By this denial, the fact as to cause of death, is put - in issue, and it would be competent for the plaintiff to prove that death of the insured resulted by accident or by any other means than by his own hand, and it was proper for the court to add the modification as given in the charge. By the denial in the reply, that William Bartlow died by his own hand, if death resulted by accident or in any other way than by his own hand, it would have been proper for the jury to consider any competent evidence tending to show the same, and for the court to so instruct the jury.
The verdict of the jury being against the manifest weight of the evidence and for error in excluding the finding of the coroner as to cause of death, the judgment of the court be *510 low is reversed, and the cause remanded for further proceedings.
Sayler & Sayler, and Cummings & McBride, for Plaintiff in Error.
Donnell & Marriott, for Defendant in Error.
Judge Adams dissented to the second proposition of the syllabus.