### DAVIS v. BROTHERS.

(Circuit Court of Appeals, Eighth Circuit. March 25, 1907.)

No. 2,372.

EJECTMENT—EVIDENCE—ABSTRACT OF TITLE—ADMISSION OF ENTRY FOR LIMITED PURPOSE.

Under a rule of court requiring the parties to an action for the recovery of real property to file copies of their abstracts of title, the purpose being to enable the court to learn whether they trace their title from a common source, and, if so, to limit the proofs to subsequent conveyances and transactions, the fact that an entry in an abstract is admitted in evidence as showing a source of title common to both parties, but for no other purpose, does not render the subsequent entries admissible as evidence in favor of the proponent of such abstract.

In Error to the Circuit Court of the United States for the Eastern District of Missouri.

Writ of error to review a judgment obtained by Jennie Brothers in an action in ejectment against E. L. Davis.

Charles B. Faris (Arthur L. Oliver, on the brief), for plaintiff in error.

D. P. Dyer and E. P. Johnson, for defendant in error.

Before SANBORN, HOOK, and ADAMS, Circuit Judges.

HOOK, Circuit Judge. The trial was by the court upon waiver of a jury. There was a general finding and judgment for the plaintiff. No special findings of fact were made. No request was interposed for

specific declarations of law. No legal propositions applicable to the case as made were formulated and presented to the court for its decision. Therefore, under a familiar rule often repeated by this court, the general finding and the conclusions of the court embodied in it are not open to review, and the scope of our inquiry is limited to such rulings of the court in the progress of the trial as were excepted to. There is but one such ruling set forth in the assignments of error. It is that the trial court erred in admitting an entry from an abstract of title and in limiting the probative effect thereof to the fact that the parties claimed under a common source of title. The contention is that, since the court used an entry in defendant's abstract to ascertain that the parties claimed under a common source of title, it should have received in evidence all the succeeding entries as substantive proof of defendant's ownership. A rule of the Circuit Court for the district in which the cause was tried requires parties to an action for the recovery of real property to file copies of their abstracts of title; the purpose being to enable the court to learn whether they trace title from a common source, and, if so, to limit the proofs to subsequent conveyances and transactions. It was designed to narrow the issues, to facilitate the progress of the trial, and to avoid incumbering the record with unnecessary evidence. It was not intended that compliance with the rule should enable the proponent of an abstract to secure the use of it in its entirety as affirmative evidence for himself. It is as though counsel arose at the beginning of the trial and orally stated the history of their clients' titles as claimed by them to exist, beginning with the ownership of the sovereign, and ending with that of the litigants, and the court after comparison discovered a common point from which the chains of title commenced to diverge, and thereupon dispensed with proof of anterior conveyances. What was done at the trial was in effect a joinder by the parties in a judicial admission of a common source of title. The rule that an admission is to be taken in its entirety without exclusion of any part that tends to limit, modify, or destroy its purport (Insurance Co. v. Newton, 22 Wall. 32, 22 L. Ed. 793) is not applicable, since there is no contention here that the remaining entries in defendant's abstract qualified in any degree the fact that the divergent lines of title had a common source.

We may say with respect to another contention that we do not construe the judgment that was rendered as affecting the one-fourth interest in the property which was conceded to have been conveyed by the plaintiff to the defendant before the commencement of the action.

The judgment is affirmed.