## THORNELL v. MISSOURI STATE LIFE INS. CO.    (No. 2380.)

(Court of Civil Appeals of Texas. Texarkana. March 9, 1921. Rehearing Denied March 24, 1921.)

**1. Evidence ⬤⟶252—Proofs of death competent against beneficiary as admissions.**

In action on life policies, defended on ground that insured committed suicide, a statement as to the cause of insured's death presented to the insurance company by the beneficiary as proofs of death showing that insured committed suicide, *held* competent evidence against beneficiary as an admission.

**2. Evidence ⬤⟶263(1)—Beneficiary entitled to explain proofs of death admitted against her as admissions.**

In action on life policies defended on the ground that insured committed suicide, where proofs of death showing that insured had committed suicide had been admitted as an admission by beneficiary, the beneficiary was entitled to show that the necessary data for the proofs had been gathered by others, and that statements showing that insured committed suicide were untrue.

**3. Evidence ⬤⟶252—Coroner's certificate growing out of irregular inquest held admissible as admission of beneficiary in life policy.**

In action on life policies defended on ground that insured had committed suicide, the fact that coroner's inquest was not in compliance with terms and forms of law, did not affect the admissibility of the certificate of the justice of the peace, acting as coroner, offered as an admission of the beneficiary that insured committed suicide.

**4. Evidence ⬤⟶94—Party having burden of proof by making out prima facie case shifts burden to other party.**

When the party on whom the burden of proof rests has made out a prima facie case, the burden of overcoming the prima facie case shifts to the other party.

Appeal from District Court, Navarro County; H. B. Daviss, Judge.

Action by Mrs. Patty L. Thornell against the Missouri State Life Insurance Company. Judgment for defendant, and plaintiff appeals. Affirmed.

The Missouri State Life Insurance Company on February 13, 1918, issued two policies of life insurance, each in the sum of $1,000, payable upon the death of Thomas A. Thornell to Patty L. Thornell, wife of the insured, as beneficiary. The policies each stipulated:

"In case of death by self-destruction, sane or insane, within one year from date of issue, the liability of the company shall be limited to an amount equal to the premiums paid hereon."

The insured died May 6, 1918. The beneficiary brought the suit to recover the amount of the two policies and the statutory penalty, interest, and attorney's fees. The insurance company answered by general denial and specially pleaded, in avoidance, that the insured came to his death by self-destruction, which fact rendered the insurance company liable only, as stipulated, for an amount equal to the premiums paid, which was tendered into court. Plaintiff filed a supplemental petition in denial of the answer of the defendant.

The case was tried before a jury, and the verdict was in favor of the insurance company. The court charged the jury as follows:

"You are instructed to find for the plaintiff the amount of the two life insurance policies and 6 per cent. interest from May 6, 1918, and the penalty of 12 per cent. upon the face amount of the two policies, and reasonable attorney's fees, agreed upon to be $300, unless you find for defendant in the following: You are instructed that if you find from the evidence that Thomas A. Thornell came to his death by self-destruction, sane or insane, then you will find for defendant upon that issue, and find for plaintiff $68.20 premiums paid. The burden of proof is on the defendant insurance company to establish by a preponderance of the evidence that Thomas A. Thornell came to his death by self-destruction, sane or insane, and unless you find that the defendant has done this you find against the defendant on this issue."

There is involved in the verdict of the jury the finding of fact that the insured committed suicide, and the circumstances in evidence strongly support this finding of fact, which, in defense to the verdict, is here adopted.

J. S. Simkins and W. J. Weaver, both of Corsicana, for appellant.

Locke & Locke, of Dallas, and Jourdan, Rassieur & Pierce, of St. Louis, Mo., for appellee.

LEVY, J. (after stating the facts as above). [1] The insurance company proved

by its secretary that the company had "received from the plaintiff in this case some papers as proofs of the death of the insured T. A. Thornell," and the witness then identified the papers "now in my possession" as "the originals of such papers." The insurance company then offered in evidence such original proofs of the death of the insured made to it by the beneficiary in the policy as admissions against the beneficiary of the facts therein stated. The appellant objected, and the court overruled the objection, to the admission in evidence of such proofs of death; and the first, second, third, and fourth assignments of error complain of the ruling and predicate error in the two propositions made thereunder: (1) That "the attending physician's certificate and coroner's certificate offered in evidence by the defendant as a part of the proofs of death are not admissible or competent to show the cause or manner of death of T. A. Thornell, insured"; and (2) "the evidence on the issue of suicide being conflicting, the death proofs offered in evidence were calculated to and did influence the jury in determining this issue against the appellant." The appellee did not offer "the proofs of death" as original evidence to prove "the cause or manner of death of the insured" was self-destruction, but as evidence of admission by the beneficiary of the facts therein stated. The appellee claimed in its answer that the insured committed suicide; and for which death there was no liability. The appellant by supplemental petition denied the fact alleged in the answer. Therefore the insistence of appellant was, in her pleading, that the insured did not commit suicide. The question then is: Was it error to permit the insurance company to offer in evidence the proofs of death furnished by the beneficiary, as in the nature of admissions by her of the facts therein stated? The original proofs of death as submitted to the company, and as offered in evidence, were all added together, and consisted of a "claimant's statement" and affidavit thereto of the beneficiary, and "attending physician's statement" and his affidavit, and "undertaker's statement" with his affidavit, and a certified copy of a coroner's verdict, and an affidavit of the beneficiary. The statements, except the coroner's verdict, were on blanks, in question and answer form, furnished by the insurance company. The "claimant's statement," which was the first document, was signed and sworn to by the appellant, and is in effect proof of claim of the beneficiary for the amount of the policy because of the death of the insured. The next document was the "attending physician's statement," signed and sworn to by a physician, and, as material, states:

"Q. 6. When did deceased show the symptoms of final illness? A. 5—6, 8 a. m.

"Q. 7. Date of your first visit or prescription in deceased's last illness. A. 5—6—18.

Saw him after death. (No one saw him before death.)

"Q. 8. Date of your last visit. A. 5—6—18.

"Q. 9. Place and date of death. A. Corsicana, Tex., 5—6—18.

"Q. 10. State the disease of which the deceased died and any important medical facts connected therewith. A. Carbolic acid poisoning. Suicide.

"Q. Describe the injuries, stating whether or not there were any contusions or wounds. A. Lips white from acid burns."

The "undertaker's statement," the next document, was a showing of date of death, identity of deceased as the insured, and place of interment. The next document was the coroner's verdict, certified, and reading:

"The State of Texas, County of Navarro.

"In the Matter of the Death of T. A. Thornell.

"I, J. E. Norwood, justice of the peace, and acting coroner over the dead body of T. A. Thornell, having viewed the body and after having made diligent inquiry into the cause, time and manner of his death, find that the said T. A. Thornell is dead; that he came to his death on the morning of May 6, 1918, by swallowing carbolic acid administered by his own hand.

"Given under my hand this 6th day of May, 1918. [Signed] J. E. Norwood, Justice of the Peace and Acting Coroner."

The "instructions" on the blank provide:

"When a coroner's inquest has been held, a copy of the verdict duly certified must be furnished."

Then follows the subscribed affidavit of the appellant:

"That I am the beneficiary named under policies Nos. 171918 and 171919 on the life of the late Thomas A. Thornell, and I further certify that my name is Pattie L. Thornell, whose name is shown in the application for the said policies, and further I say not."

As seen, the statements in the proofs show that the death was occasioned in such manner as to relieve the insurance company from responsibility and are inconsistent with the subsequent claim of the beneficiary in her suit that the death was not suicide. In 3 Elliott on Ev. § 2387, it is said:

"Life insurance companies, like fire insurance, require notice and proofs of death to be furnished within stated times by the beneficiary or some one in his behalf. This requirement must be strictly complied with, or a showing that it has been waived. These proofs may be used as admissions against the beneficiary. The rule is that such preliminary proofs are admissible as prima facie evidence of the facts stated therein against the insured and on behalf of the company. But the rule is that the proofs of loss are not conclusive evidence against the claimant."

And in 7 Encylopedia of Evidence, p. 574:

"The proofs of loss are competent evidence against the party furnishing them of the cause

or extent of a loss or the cause of death of an insured person or of any material fact therein recited. Ordinarily the rule extends to certificates and affidavits of physicians and others, and verdicts of coroners' juries and marine protests furnished as proofs of loss by the assured voluntarily or under the terms of the insurance contract."

And in the leading case of Mut. Ben. L. Ins. Co. v. Newton, 89 U. S. (22 Wall.) 32, 22 L. Ed. 793, the court said:

"The fact that the proofs were presented by the father of the plaintiff, and not by the plaintiff herself, cannot change their character. They were the only proofs presented, and without them there was no attempted compliance with the condition of the policies. He was the agent of the plaintiff with respect to the policies, intrusted by her with the presentation of the preliminary proofs. Presented in her name and by her agent in the matter, and constituting the essential preliminary to her action, they must stand as her acts, and the representations made therein be taken as true until at least some mistake is shown to have occurred in them."

As laid down in 2 Wigmore on Evidence, § 1073, pt. 4:

"The party's use of a document made by a third party will frequently amount to an approval of its statement as correct, and thus it may be received against him as an admission by adoption. An instance of this application of the principle is the insured's or beneficiary's presentation of the proofs of loss to the insurer."

As very aptly stated in Knights of Modern Maccabees v. Gillis, 59 Tex. Civ. App. 109, 125 S. W. 338:

"It is not contended, nor can it be, that such representations are conclusive on the parties, but practically all the authorities agree that the proofs are admissible as representations, or 'admissions by adoption,' as some of the writers put it, subject, however, to explanation or contradiction. * * * The principle involved is illustrated in the holding that abandoned pleadings and the like may be offered in evidence as admissions of the party filing them. Barrett v. Featherstone, 89 Tex. 567, 35 S. W. 11, 36 S. W. 245."

It is believed that a statement as to the cause of the death of the insured presented to the insurance company by the beneficiary, as here, as proofs of death of the insured, and which is inconsistent with the subsequent claim of the beneficiary, is competent evidence against such beneficiary, as an admission. Mutual Benefit Life Ins. Co. v. Newton, 89 U. S. (22 Wall.) 32, 22 L. Ed. 793; K. of P. v. Beck, 181 U. S. 49, 21 Sup. Ct. 532, 45 L. Ed. 741; Leman v. Ins. Co., 46 La. Ann. 1189, 15 South. 388, 24 L. R. A. 589, 49 Am. St. Rep. 348; Walther v. Insurance Co., 65 Cal. 417, 4 Pac. 413; Knights of Modern Maccabees v. Gillis, 59 Tex. Civ. App. 109, 125 S. W. 338; 7 Ency. of Evid. p. 754; 3

Elliott on Evid. § 2387. See 2 Wigmore on Evid. §§ 1048 and 1073.

The case of Brotherhood of American Yeomen v. Hickey, 191 S. W. 162, is not in conflict with the above ruling, when reference is made, as we now do, to the original record in that case. The case as reported is not full or clear on the real ruling. There the proofs of death as to the "attending physician and the coroner" were "offered for the purpose of showing the cause of the death of the insured and as admissions of the plaintiff," under the terms of the policy that "such proofs should contain answers to each question." The "cause of the death of the insured" was in fact, and as shown in the "attending physician's" certificate and in the coroner's, "tuberculosis of the lungs." The coroner and attending physician, though, further stated, under the heading "The History and Symptoms," the answer "progressive T. B." The death occurred four years after the date of the policy. It is this last statement or answer that the insurance company there sought as an admission to show its defense of tuberculosis before the date of the policy. The precise ruling of this court was that there was no inconsistent statement in the proofs, and that "there was no condition in the policy that the proofs of death, furnished under the terms of the policy, shall be evidence of the fact (of false statements of the insured) in a trial in behalf of the defendant."

[2] The facts of this case indicate that the plaintiff's brother and brother-in-law were acting as her agents in the matter of securing the necessary data for the proofs of death and of sending them to the company. This was the same situation in case of Insurance Co. v. Newton, 89 U. S. (22 Wall.) 32, 22 L. Ed. 793, supra. The competency of the proofs of death as evidence being established by the defendant as an admission, the plaintiff was entitled to show that the same is mistaken and to explain her making or furnishing the same in order to diminish its weight. As said in Haughton v. Life Ins. Co., 165 Ind. 32, 73 N. E. 592, 74 N. E. 613:

"The proofs of death were properly admitted in evidence. If any statement contained therein operated to bind appellant as an admission against her interest, she was entitled at the proper time to give any explanation of the same which she might have."

But it is the function of the jury to determine the weight of all the testimony thus offered.

[3] Appellant in the instant case also seems to place objection upon the certificate of the justice of the peace acting as coroner upon the contention that such coroner's inquest was not in compliance with the terms and forms of law in that respect. The answer to that contention is that the appellee only offered it as a part of the death proofs,

as an admission of the beneficiary, and did not offer it as a distinct legal instrument or as original evidence. It would not have been admissible as original evidence.

[4] The fifth assignment of error complains of the giving of a special charge asked by appellee. The complaint is that it contradicts the main charge on the burden of proof. There is no error, we think. The position of the burden of proof on the whole case was in no way affected by the special charge. The special charge in effect was applying the rule of evidence that, when the party on whom the burden of proof rests has made out a prima facie case, then the burden of evidence to overcome the prima facie case shifts to the other party. 16 Cyc. p. 932.

The judgment is affirmed.

---

⬤⇒For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes