## JENSEN v. CONTINENTAL LIFE INS. CO.

Circuit Court of Appeals, Third Circuit.
September 26, 1928.

Rehearing Denied October 29, 1928.

No. 3794.

Wm. S. Fenerty and Thomas Boylan, both of Philadelphia, Pa., for plaintiff in error.

Joseph S. Conwell, of Philadelphia, Pa., and W. Calvin Chesnut, of Baltimore, Md. (Pepper, Bodine, Stokes & Schoch, of Philadelphia, Pa., and Haman, Cook, Chesnut & Markell, of Baltimore, Md., of counsel), for defendant in error.

Before BUFFINGTON, WOOLLEY, and DAVIS, Circuit Judges.

WOOLLEY, Circuit Judge. The body of Philip K. Jensen was found on the floor of a small office in a building in the city of Philadelphia. A gas tube, one end detached from a gas stove, was lying on his breast. The gas cock at the other end was turned on full and gas was escaping from the tube and filling the closed room. Later there was a coroner's inquest at which the jury found cause of death: "Gas asphyxiation; suicide while temporary deranged."

Jensen carried a policy of life insurance issued by the Continental Life Insurance Company, a Delaware corporation, in favor of his wife, Anna M. Jensen, for $10,000. In due course she filed proofs of death which, as required by the company, included a certified copy of the certificate of death issued by the bureau of vital statistics of Pennsylvania disclosing that at a coroner's inquest the jury had found the cause of death as above stated. On this showing the company denied liability under the suicide clause of the policy except as to the amount of premiums paid. She then brought this suit and after trying the case on the theory of accidental death had a verdict for $105.60 being the amount of premiums paid and interest thereon. Thereupon she sued out this writ assigning manifold errors in the trial of which only one has given us pause. All others have been found unsubstantial.

At the trial the defendant offered in evidence the plaintiff's proofs of death including the certificate which showed, according to the verdict of the coroner's jury, suicide as the cause of death. The court, over the plaintiff's objection, admitted them. There is no recorded comment by any one as to the theory of the offer, the objection, or its admission in evidence, although later in the charge the court alluded to a state statute. Thus arose the main error assigned.

As presented, the question has two aspects: (1) Whether the plaintiff's proofs of death indicating death due to suicide were, under general law, admissible in evidence, on the defendant's offer, as a declaration by the plaintiff against interest, the defendant urging the affirmative; and (2) whether they were admissible by force of. a statute of Pennsylvania as prima facie evidence of the facts therein stated, the plaintiff contending for the negative. Which of the two phases rules the case is, we think, determined by the manner in which the question arose and in this connection it should be noted and kept

in view that the defendant offered in evidence the plaintiff's own copy of the certificate showing the verdict of the coroner's jury which she had made a part of the proofs of death.

There is nothing new in an offer of that kind. Through a long line of federal cases and through shorter lines of state cases we have found none in which such proofs of death so offered have been denied. Although uniformly admitting them, there were early cases which held that on the admission in evidence of the plaintiff's proofs of death, showing and thereby admitting suicide of the insured, he was precluded at the trial from controverting his admission of that fact. Aside from these cases the law, we think, was settled fifty years ago by the Supreme Court in Insurance Co. v. Newton, 22 Wall. 32, 22 L. Ed. 793 (1874), reaffirmed in Insurance Co. v. Higginbotham, 95 U. S. 380, 24 L. Ed. 499, and cited and followed in every later case touching the subject.

In the Newton Case the court approved the rule that proofs of death are admissible as prima facie evidence of the facts therein stated against the insured and on behalf of the insurance company including a finding of suicide by a coroner's jury. But this case was the first coming under our observation in which a departure from the earlier hard rule was made. The court held, as before, that a party's representations as to death must be taken as true but with the qualification—until at least some mistake is shown to have occurred in them.

Later the same court in Home Benefit Association v. Sargent, 142 U. S. 691, 12 S. Ct. 332, 35 L. Ed. 1160, made a like ruling in language equally certain that a plaintiff having filed proofs of death representing death by suicide, though an admission against interest, is not estopped from showing that death was due to some other cause. To the same effect was the decision in Pythias' Knights' Supreme Lodge v. Beck, 181 U. S. 49, 21 S. Ct. 532, 45 L. Ed. 741. Reviewing and following these controlling decisions are: Keels v. Mutual Reserve (C. C.) 29 F. 198; Sharland v. Washington Life Ins. Co. (C. C. A.) 101 F. 206; Union Mutual Life Ins. Co. v. Payne (C. C. A.) 105 F. 172; Hassencamp v. Mutual Benefit Life Ins. Co. (C. C. A.) 120 F. 475.

Doubtless the plaintiff's attorney was familiar with this law when he forwarded the proofs of Jensen's death to the defendant, conformably with its requirement, showing death of the insured by suicide, for he protected himself against estoppel as well as he could by stating that his client "will not be bound by any allegations of the coroner's certificate or any other document which purports to set forth that the decedent died by his own hand." At the trial, whether because of the right reserved or the right which the law already accorded her, the court gave the plaintiff full opportunity to deny the fact of suicide, which she had, under protest, admitted in her proofs of claim.

Further to fortify the admission in evidence of the certificate showing the jury's finding of suicide, the defendant cited an Act of the General Assembly of Pennsylvania, passed June 7, 1915 (P. L. 900), Pa. St. 1920, §§ 8985–9008, providing (section 8) that in case of death, followed by inquest, the coroner "shall state in his certificate [to the state registrar] * * * the manner of death; and if from external causes or violence whether (probably) accidental, suicidal or homicidal, as determined by the inquest" and that (section 21) a copy of such record of death when properly certified by the state registrar "shall be prima facie evidence in all courts and places of the facts therein stated." It was the registrar's certified copy of such a certificate made by the coroner that the plaintiff made a part of her proofs of death and the court on the defendant's offer admitted in evidence. She now attacks the constitutionality of the statute on the ground that it admits of opinion evidence and thereby invades the province of the jury and violates the Seventh Amendment to the Federal Constitution and that, anyway, it is inapplicable under authority of Equitable Life Assurance Society v. Stinnett (C. C. A.) 13 F.(2d) 820. An offer of such a certificate, not as a part of the plaintiff's proofs of death and therefore not as a declaration against interest but as an independent piece of evidence originating with the defendant, was made by the defendant and rejected in Cohen v. New York Life Ins. Co. (C. C. A.) 21 F.(2d) 278, without allusion to and apparently without any one's knowledge of the cited statute. If in the case at bar as in the Cohen Case the defendant had made its offer of the coroner's certificate as evidence of its own and not as a declaration by the plaintiff against her interest but on authority of the cited statute, we should have to pass on its challenged constitutionality or applicability. But as the offer in this case was made not under the statute but under a rule of law which had without interruption been recognized for forty years before the statute and

was neither repudiated nor modified by its enactment, we find no occasion to discuss it.

The judgment below is affirmed.

### On Petition for Rehearing.

PER CURIAM. On an analysis of the record that is not entirely convincing the appellant complains that, though she made the coroner's certificate showing cause of death a part of her proofs of death, she did not thereby admit what her proofs showed, and that, accordingly, the theory of our decision is altogether wrong.

We find no occasion to restate or retry that part of the case, but as the appellant, quite honestly aggrieved, represents that our decision of the case on the first ground, and our failure also to decide it on the second, will greatly injure her, not only in this but in other litigation, we shall relieve her of all embarrassment arising from our action by affirming the judgment on the further holding that the Pennsylvania statute under which the certificate of death was offered is not unconstitutional, and that the admission of the certificate in evidence under authority of that statute, for the purpose and with the effect it prescribes, was not error.

The petition for rehearing is denied.