**PRICE v. DOUGLAS LIFE INS. CO.**

**No. 15077.**

Court of Appeal of Louisiana. Orleans.

June 24, 1935.

Solomon S. Goldman, of New Orleans, for appellant.

Herman L. Midlo, of New Orleans, for appellee.

WESTERFIELD, Judge.

Nellie Price, beneficiary in a policy of industrial life insurance issued by the Douglas Life Insurance Company, brought this suit for $129, the face value of the policy, alleging that her husband, Mack Price, the insured, died on July 8, 1934. The defendant admitted the facts relied upon by plaintiff, and specially pleaded the following provision of the contract as limiting recovery to one-half the amount sued for, or $64.50, which it claims to have tendered plaintiff:

"Only one half of the sum stated in the schedule of benefits will be paid for sickness or death caused by organic heart disease, rheumatism, Bright's disease, * * * within eighteen months from the date of this policy."

It is conceded that Mack Price died within eight months of the issuance of the policy.

There was judgment below in favor of plaintiff as prayed for, and defendant has appealed.

The plaintiff's contention is that the defendant, relying upon a special defense, assumes the burden of proof which it has failed to sustain by competent evidence.

Whatever may be the situation elsewhere, in this state it has been expressly held that an insurer relying upon a clause in the policy which exempts the insurer from or limits its liability for loss occurring in a certain manner, which would otherwise be embraced within the general terms of the policy, assumes the burden of proof to establish that the loss came within the exemption or limitation of the policy. Cahn & Wachenheim v. Fid. & Cas. Co., 157 La. 238, 102 So. 320; Gaines v. Acme Industrial Life Ins. Soc. (La. App.) 155 So. 276. See, also, Couch on Insurance, vol. 8; § 2114, p. 6847; Corpus Juris, vol. 53, verbo "Insurance," p. 90.

On the trial of the case the defendant introduced proof of death submitted to it by plaintiff, including a statement of the superintendent of the Charity Hospital to the effect that the insured died as a result of "Hypertensive Heart Disease, Nephritis and Uremia." It also introduced the certificate of the recorder of births, marriages, and deaths which contained a similar statement as to the cause of the death of the insured. Defendant then placed upon the stand Dr. Taylor, a physician, who testified that hypertensive heart disease is organic and that uremia is a symptom of Bright's disease. No countervailing proof was offered by plaintiff and no objection was made to the introduction of the documentary evidence at the time of the offer, though later the certificate of the recorder of births, marriages, and deaths was objected to upon the ground that it was inadmissible since "it was obtained by the insurance company itself."

Assuming that the objection to the certificate of the recorder was well taken and timely made, and that the document should have been excluded, there would remain the certificate of the superintendent of the Charity Hospital which forms a part of the proof of death submitted to defendant by plaintiff to which no objection had been made, and to the introduction of which no proper objection could be made. Leman v. Manhattan Life Ins. Co., 46 La. Ann. 1189, 15 So. 388, 24 L. R. A. 589, 49 Am. St. Rep. 348; Joyce on Insurance (Second Edition) § 3772, p. 6175; Mutual Benefit Life Ins. Co. v. Newton, 22 Wall. (89 U. S.) 32, 22 L. Ed. 793. We have, therefore, the certificate of the superintendent of the Charity Hospital giving the cause of death as "Hypertensive Heart Disease, Nephritis and Uremia," and the explanation of Dr. Taylor that hypertensive heart disease is organic and uremia is a symptom of Bright's disease which, in the absence of any effort to explain or contradict, is sufficient to establish the cause of death of the insured and to sustain the burden of proof resting upon the defendant. It follows that the liability of the insurer must be limited to one-half of the face value of the policy, $129, or $64.50.

There is in the transcript no evidence of a legal tender of this sum having been made.

For the reasons assigned the judgment appealed from is amended by reducing the amount awarded plaintiff from $129 to $64.50, and as thus amended it is affirmed; plaintiff-appellee to pay the costs in this court, and the costs of the lower court to be paid by defendant-appellant.

Amended and affirmed.