GORDON v. MUTUAL LIFE INS. CO. OF NEW YORK.

No. 187.

District Court, E. D. Louisiana, New Orleans Division.

March 28, 1941.

Gordon Boswell and Stanley E. Loeb, both of New Orleans, La., for plaintiff.

874

Montgomery & Montgomery and Richard B. Montgomery, all of New Orleans, La., for defendant.

CAILLOUET, District Judge.

This action having been tried by the court without a jury, the court hereby makes the following findings of fact and conclusions of law:

## Findings of Fact.

1. Plaintiff, as the designated beneficiary in four insurance policies issued by the defendant company to the deceased, John W. L. Gordon, sues for double indemnity, which, under the terms of said policies, is payable in the event that the death of the insured resulted directly from bodily injury received after the dates of issue of said policies, independently and exclusively of all other causes, and if such bodily injury was effected solely through external, violent and accidental means, and such death occurred within sixty days after the date of such bodily injury.

2. The insured, said John W. L. Gordon, died instantly as the result of a gunshot wound in the head, located in the right temple region, immediately above the right ear; such wound being encircled by powder burns, and the brain having been macerated by the blast of the nearby explosion.

3. Such bodily injury, so resulting in the insured's instant death, was produced by external, violent, but not accidental, means; the evidence establishing beyond every other reasonable hypothesis that said bodily injury and resultant instant death was due to the deliberate act of the insured.

4. The pistol with which the insured so inflicted such bodily injury upon himself, with his resultant instant death therefrom, belonged to plaintiff and was usually kept in a holster under a pillow on the bed of the upstairs bedroom of their residence, wherein it was discharged twice before the noise of his body falling to the floor of said bedroom was heard by the plaintiff on the porch downstairs, as she, herself, testified.

5. No one but the insured and the plaintiff were in the residence at the time, and the insured was not cleaning the pistol, from which came the said two discharges, within but a few minutes after he, in a vexed and excited frame of mind, had left the plaintiff on said downstairs porch.

6. The pistol in question could not be discharged except by exerting pressure upon the trigger; dropping or striking of the weapon could not discharge it, unless and until pressure upon the trigger resulted from such dropping or striking.

7. The plaintiff, immediately following the two pistol discharges and before her first view of the insured's body, as well as several times within the subsequent one hour or so and after her view of the body at the scene of death, voiced her fixed belief that the insured had committed suicide, she stating to witnesses, in connection therewith, that the insured had been perturbed by the loss of his former position with the Southern Belting Company, and, on that very afternoon, by reason of a traffic accident in which he figured, although the police had exonerated him from blame therefor.

8. In and by the required written proof of death presented by her, as designated beneficiary and claimant, to the defendant company, said plaintiff did represent the proved death to have resulted from suicide, and thereafter did fail to satisfactorily establish that such representation was erroneous and was made under a misapprehension of the facts or in ignorance of material matters subsequently ascertained.

## Conclusions of Law.

1. Upon plaintiff rested the burden of showing that the fatal injury suffered by the insured was effected solely through external, violent and accidental means, and that his death resulted directly from said bodily injury, within no more than sixty days after the date of such injury. Michel v. London & Lancashire Indemnity Co. of America, 1926, 162 La. 160, 110 So. 186; Faulk v. Mutual Life Insurance Company, 1926, 160 La. 529, 107 So. 395.

2. The plaintiff having first proved a bodily injury effected solely through external and violent means, with death directly resulting therefrom, instantly, and the evidence on the sole remaining issue in the case, namely, was such fatal bodily injury the result of accident or intention on the part of the insured, not pointing equally or indifferently to accident or suicide, but, on the contrary, excluding with reasonable certainty any hypothesis of death except by suicide, it was not legally incumbent upon the defendant company to prove a motive for self-destruction. Webster v. New York Life Insurance Co., 1926, 160 La. 854, 107 So. 599; Faulk v. Mutual Life Insurance Company, supra.

3. Whilst at the outset of the trial, there existed a legal presumption

against the suicide of the insured, such presumption was overcome by the evidence adduced and the plaintiff not only failed to carry the burden of proving accidental death, but a preponderance of the evidence excluded reasonable hypothesis of accident and actually established death by suicide.

4. The representation of death by suicide, which formed part of the proof of death submitted by the plaintiff to the defendant company, was an admission against interest, and made out a prima facie case of suicide, by which plaintiff remained effectively bound throughout the trial, she having failed to discharge the burden then resting upon her to affirmatively establish that such representation, so made by her to the defendant company, was erroneous and was made under a misapprehension of the facts or in ignorance of matters subsequently ascertained; and that death was actually due to accident and not to suicide. Mutual Benefit Life Insurance Company, Plaintiff in Error v. Hallie Newton, 1874, 22 Wall. 32–38, 89 U.S. 32, 22 L.Ed. 793; Hassencamp v. Mutual Benefit Life Ins. Co., 4 Cir., 1903, 120 F. 475; Travelers' Ins. Co. of Hartford v. Melick, 8 Cir., 1894, 65 F. 178, at 187, 27 L.R.A. 629.

Accordingly, judgment against the plaintiff and in favor of the defendant company, with costs, shall be entered.